MORRIS *v.* COVINGTON COUNTY.

[80 South. 337, Division A.]

EMINENT DOMAIN. *Abandonment of road. Compensation to an abutting owner.*

The abutting landowner on a public highway in the country has a special property right in the easement and free uses of the public road for access purposes, and when he is deprived of this property right by an abandonment of the highway by the county authorities, he is entitled to special compensation on account of such abandonment such being a taking or damaging of private property for public use within the constitutional inhibition.

APPEAL from the circuit court of Covington county. HON. W. H. HUGHES, Judge.

Suit by S. Morris against Covington County. From a judgment for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Sennett Connor,* for appellant.

The discontinuance of this public road damaged private property for public use, and section 17 of the state Constitution of 1890 requires that compensation be made; and the recovery may embrace both direct and consequential damages. *Vicksburg* v. *Herman,* 72 Miss. 211, 16 So. 434.

We have failed to discover any decision of this court dealing with the right of an abutting landowner to recover for damages suffered from the discontinuance or abandonment of a public highway outside of a municipality, and we, therefore, resort to argument from analogy.

In the case of *Laurel Improvement Co.* v. *Rowell et al*, 36 So. 543, this court held that section 17 of the State Constitution, providing that "private property shall not be taken or damaged for public use, except on due compensation being first made to the owner or owners thereof, in a manner to be prescribed by law," operated to prevent the passage of an ordinance purporting to authorize the closing of an established street without compensation to abutting property owners. Justice CALHOUN, in speaking for the court, said: "When people build on the side of, and with reference to, a public street, they acquire an easement in its free user by them, and the public, and in the resultant value of such user. This is property and cannot be taken away from them or damaged by closing the street, except upon compensation first paid. The closing of the street is a taking of the easement for the public use in the purview of our Constitution."

So sound is this decision the principle here enunciated was subsequently enacted into law by the legislature in 1906 when, for the first time, it was provided that "no street or alley or any portion thereof shall be closed or vacated except upon due compensation being first made to the abutting landowners upon such street or alley for all damages sustained thereby." *A. & V. R. R. Co.* v. *Turner,* 52 So. 261; Code of 1906, sec. 3336.

If the provision of section 17 of the state Constitution protects the owner of the city lot, why will not the same principle protect the owner of the farm? If the discontinuance of a city street may damage the abutting lots within the purview of section 17, why may not the discontinuance of a public highway damage private property within the meaning of that section? Is not section 17

a limitation upon the county board as well as a limitation upon the city or town council and other governmental bodies and officials?

The court has said: "Section 17, article 3, of the Constitution of 1890 stands as a sentinel, guarding the private owner of property not to have the same taken or damaged for public use, except upon due compensation first being made to the owner, however small may be the value of that taken, or slight may be the damage; and this is true, whether the taking or damage is at the instance of a municipality, county, or other person or corporation possessing eminent domain powers. The importance of this section of the constitution, as affecting the welfare of the citizenry of the state cannot be too strongly emphasized." *I. C. R. R. Co. et al.* v. *State ex rel. District Attorney,* reported in 48 So. 561.

In a long line of well established decisions, this court has held that the abutting landowner may recover for any damages occasioned by a change of grade of an established highway. Appellant's damage from the abandonment and closing of this road is just as real and direct as any damage that might have resulted from a change of grade, and surely of greater magnitude.

The courts of some states have denied the abutting owner any relief, basing their decision on the ground that "the state creates the easement for the entire public; its use is that of the public, one citizen having as much right to this use as the other; and when its abandonment or nonuser is deemed necessary for the public good, the proper authority may discontinue it." This argument appears to be the foundation for appellee's demurrer. We submit that this line of reasoning has not taken into consideration the special interest an abutting landowner has in a public highway further than the mere right of using the road, which is one common to the public in general, and that it is, therefore,

unsound. *McCann* v. *Clarke Co.,* 149 Iowa 13, 127 N. W. 1011.

The New York court, in the case of *Pearce* v. *McAdoo,* 92 N. Y. S. 368, 46 Misc. Rep. 295, held: "Though the state legislature has control of the highways of the state, it cannot cause a highway to be wholly or partially closed without providing compensation to abutting owners." See also, *King* v. *Mayor,* 102 N. Y. 172.

. The Minnesota court, in *Kray* v. *Muggli,* 86 N. W. 882, 87 A. S. R. 332, said: "Where a highway has been laid out by lawful authority or acquired by dedication or prescription, the owners of property abutting thereon acquire a special right in the continuance of the part or highway, of which they cannot be deprived except by due process of law." *Pearsall* v. *Supervisors,* 74 Mich. 558, 50 Ind. 537, 50 N. H. 530; *Kincaid* v. *Indianapolis Natural Gas Co.,* 124 Ind. 577, 19 A. S. R. 113. *Town of Longmont* v. *Parker,* 14 Colo. 386, 20 A. S. R. 277; *Tilly* v. *Mitchell & Lewis Co.,* 121 Wis., 98 N. W. 969, 105 A. S. R. 1007.

The discontinuance of the highway deprived appellant of his easement in said road and damaged his property. He has suffered a special damage, which section 17 of the state Constitution provides he shall be compensated for, and we, therefore, maintain respectfully that the declaration stated a sufficient cause of action and the court below erred in sustaining the demurrer and dismissing the cause, and for this error, the demurrer should be here overruled and the cause reversed and remanded.

*E. L. Dent,* for appellee.

Attorney for appellant having stated the facts, the only inquiry necessary is as to whether or not the board of supervisors had the legal right to vacate, abandon, or discontinue as a public highway, the road in question.

Section 170 of the state Constitution, 1890, gives the board of supervisors "full jurisdiction over roads, ferries, and bridges, to be exercised in accordance with such regulations as the legislature may prescribe, and perform such other duties as may be required by law." This jurisdiction may be regulated by the legislature, but it cannot be taken away. The legislature cannot even vacate a public road or highway. See section 89 of the Constitution, paragraph (m). Section 307, of the Code of 1906, gives the boards of supervisors full jurisdiction over roads, highways, ferries and bridges, and all other matters of county police. In the case of *Hatch* v. *Monroe County,* 56 Miss. 26, Justice CAMPBELL, in delivering the opinion, held that the board of supervisors had the right to discontinue a public road.

Learned counsel for appellant fails to differentiate between the jurisdiction and powers of the boards of supervisors and municipal authorities. He relies on section 17 of the Constitution, which is: "Private property shall not be taken or damaged for public use except on due compensation being first made to the owner or owners thereof, in a manner to be prescribed by law."

Section 3336 of the Code of 1906 says that a municipality shall not close or vacate a street or an alley except upon due compensation being first made to the abutting landowners.

No such authority is given the board of supervisors to pay for such damages if they were or should be inclined to do so.

Section 17 of the Constitution says "for public use," whereas the damages claimed in the declaration is for an abandonment of the public use. Appellant's helping to build the road can be of no consequence, because the law provides just how public roads shall be constructed and maintained, and the compensation therefor, and it shall be made that way and no other.

Section 4402 of the Code of 1906 authorized the boards of supervisors to give compensation where the taking of the land is for a public road or the damage is sustained by the construction of the road. In other words, to obtain compensation, it must be for land taken for a public road, or the compensation must be for damages sustained by the construction of the road. No compensation, it will be noted, is claimed for land taken for a public road, or for damages sustained by the construction of the road. The road bed, with the public use, was returned or surrendered to appellant, and he now has the exclusive use and benefit of it as against the public and it would be strange indeed if. when the road ceased to be of use to the public that the proper authorities could not abandon it without compensating him for private inconveniences.

I submit that the lower court was correct in sustaining the demurrer to the declaration, and that this cause should be affirmed.

HOLDEN, J., delivered the opinion of the court.

This is an appeal from a judgment of the circuit court of Covington county, sustaining a demurrer to appellant's declaration. The question presented for our decision is whether the declaration states a cause of action under the law. The declaration alleges that the board of supervisors of Covington county adopted an order vacating and abandoning a certain public highway leading from the town of Seminary across Okatoma creek to and through the farm of appellant; that appellant contributed to the establishment and maintenance of the highway, which was established and maintained by the county; that the abandonment of said public highway leaves appellant without a way of ingress to and engress from said farm, depriving him of access thereto; that appellant is an abutting landowner on said public highway, and on account of the

abandonment thereof by the county he is deprived of an outlet, which has occasioned him special damages by depriving him of his easement, right, and interest as abutting owner in said public road, without any compensation to him for such damages for depreciation of said farm property. It is also alleged that the public road so abandoned by the county is the only road or outlet by which said farm may be reached, and that the improvements on said farm were placed there with reference to the location of the said public road; that the abandonment of the said public road by the county will necessitate the expenditure by appellant of considerable money to secure a way of ingress and egress and access to said farm. One thousand dollars as damages is claimed by the appellant, which claim was duly presented and disallowed by the board of supervisors.

The suit is based upon the ground that the vacation and abandonment by the county of the public road abutting on the farm land of appellant is a taking or damaging of his private property for public use for which due compensation should be made under section 17 of our Constitution.

The defendant below, Covington county, demurred to the declaration on the ground that the county had a lawful right to abandon its public road, and that such abandonment was not the taking or damaging of private property for public use, as there was no taking or damaging of private property within the meaning of the Constitution.

The precise question has never been passed upon by this court. However, the principle involved seems to have been settled by this court. In *City of Laurel* v. *Rowell,* 84 Miss. 435, 36 So. 543, it is held that the abandonment or closing of an established street is a taking or damaging of private property for public use within the Constitution, and authorizing compensa-

tion to the abutting property owner. We think that the same principle should apply to the abandonment and closing of public highways in the country where abutting landowners are specially damaged by such discontinuance and abandonment by the county. The abutting landowner on a public highway has a special right of easement and user in the public road for access purposes, and this is a property right which cannot be damaged or taken from him without due compensation. The right of access is appurtenant to his land and his private property. To destroy this right is to damage his property.

When a public highway is established, the abutting owner acquires a special easement therein in connection with his land for purposes or access to his premises, and this special easement is distinct, and is in addition to the right of user of the road, possessed by him as one of the general public for travel. "The right to a road or street which the landowner possesses as one of the public is different from that which vests in him as an adjoining proprietor, and it is also distinct and different from his rights as owner of the servient estate. The right which an abutter enjoys as one of the public and in common with other citizens is not property in such a sense as to entitle him to compensation on the discontinuance of the road or street; but with respect to the right which he has in the highway as a means of enjoying the free and convient use of his abutting property it is radically different, for this right is a specal one. If this special right is of value—and it is of value if it increases the worth of his abutting premises—then it is property, no matter whether it be of great or small value. Its value may furnish the standard for measuring the compensation, but it cannot change the nature of the right itself. For this reason, we think that the discontinuance or vacation of a street in such a

manner as to prevent access to the property of an adjoining owner is a 'taking' of property within the constitutional inhibition, and cannot be lawful without compensation to such owner." 2 Elliott on Roads and Streets (3 Ed.) section 1180.

We think it is a just rule that the abutting landowner on a public highway in the country has a special property right in the easement and free user of the public road for access purposes, and that when he is deprived of this property right by an abandonment of the highway by the county authorities he is entitled to special damages on account of such abandonment, on the same principle that a lot owner in a city is entitled to damages for the abandonment and closing of a street abutting on his property, as in both instances it is the taking or damaging of private property, a special right of easement and user in the road or street, for public use, for which compensation must be made. The particular value of the use and easement in the abutting highway is obvious, especially for purposes of egress, ingress, and access, and when the landowner is deprived of this incidental benefit and advantage by the county, his property is depreciated in value on account thereof, and his private property right has been taken for public use, in that the act of the public authorities in abandoning a road is in the public interest, and presumably for the public advantage, and in that way the abandonment of the road is "the taking or damaging of private property" of the abutting owner "for public use."

In *McCann* v. *Clarke County,* 149 Iowa, 13, 15, 127 N. W. 1011, 1012 (36 L. R. A. [N. S.] 1115), an Iowa case, the court said:

"That the owner of land abutting a country highway may also suffer special damage because of its vacation is too clear for argument. Suppose that a farmer owns forty acres of land that abuts on a highway which furnishes him his only means of getting to his land,

that the land on all sides of him is owned by others, and that such highway is vacated. It is true that the land originally taken from his forty reverts to him upon the vacation of the highway; but that does not help him any, because his neighbors take back their land as well, and he is left without access to his land, unless he buys a way thereto. His right as one of the public is entirely different from his right to the highway as a means of enjoying the free and convenient use of his abutting property. This right is a special one, and, if it is of value to him, it is property which cannot be taken from him without compensation. See *Ridgway* v. *Osceola,* 139 Iowa, 590, 117 N. W. 974. Elliott on Roads and Streets (2 Ed.), section 877.

"It goes without saying that the value of the land is materially lessened by cutting off convenient access thereto, just the same as is the value of a city lot."

The special property right that the abutting landowner has in a public highway is not to be damaged or taken from him without due compensation. The enjoyment of the property and improvements made thereon are to be considered in connection with the advantages of the public highway as a convenient outlet to the land, which is a valuable inducement to its ownership and goes to make up its usefulness and value. The owner has the right to expect that the established public highway will be continued and maintained as such; it is an advantage incident to his property which is indeed a special right going with the land, and which he may expect will continue with the land, and that he will not be deprived thereof for the public use without due compensation therefor. The following authorities support the views announced, above: *Pearsall* v. *Eaton County Supervisors,* 74 Mich. 558, 42 N. W. 77, 4 L. R. A. 193; *Peace* v. *McAdoo,* 46 Misc. Rep. 295, 92 N. Y. Supp. 368; *King* v. *Mayor,* 102 N. Y. 172, 6 N. E. 395; *Kray* v. *Muggli,* 84 Minn. 90, 86 N. W. 882, 54 L. R. A. 473, 87 Am. St. Rep. 332; *Butterworth* v. *Bartlett et al.,*

50 Ind. 537; Petition of Concord & Pembroke, 50 N. H. 530; *Kincaid* v. *Indianapolis Natural Gas Co.,* 124 Ind. 577; 24 N. E. 1066, 8 L. R. A. 602, 19 Am. St. Rep. 113; *Town of Longmont* v. *Parker,* 14 Colo. 386, 23 Pac. 443, 20 Am. St. Rep. 277; *Tilly* v. *Mitchell & Lewis Co.,* 121 Wis. 1, 98 N. W. 969, 105 Am. St. Rep. 1007; *Rainey* v. *Hinds County,* 78 Miss. 308, 28 So. 875; *Vicksburg* v. *Herman,* 72 Miss. 211. 16 So. 434; *I. C. Railroad* v. *State,* 94 Miss. 759, 48 So. 561, 10 R. C. L. section 155, p. 177; 15 Cyc. 665; 37 Cyc. 193, 206.

The judgment of the lower court is reversed, and the case remanded.

*Reversed and remanded.*