## JACKSON *v.* MONROE COUNTY.

[86 South, 769, No. 21438.]

EMINENT DOMAIN. *Abandonment of public highways makes county liable to abutting landowner; measure of damages for abandoning highway stated.*

The county is liable for damages to the abutting landowner for abandoning the public highway; and the measure of damages recoverable is the amount of loss resulting from the depreciation in the fair market value of the land.

APPEAL from circuit court of Monroe county.
HON. C. P. LONG, Judge.

Action by Jesse Jackson against Monroe County. From the judgment, plaintiff appeals. Affirmed.

*Paine & Paine,* for appellant.

This case is appealed because this court in the case of *Morris* v. *Covington County,* 118 Miss. 875, justifies the appeal. This court in the case of *Jackson* v. *R. R. Co.,* 120 Miss. 149, and in the case of *Jackson* v. *Monroe County,* 120 Miss. 125, had an opportunity to modify the law announced in the case of *Morris* v. *Covington County, supra,* reannounced the law as follows, to-wit: The vacation of a county road by a county which deprives an abutting owner

of access to his farm is a taking of private property for public use within the constitutional inhibition, and the abutting owner is entitled to compensation."

The evidence in the case at bar is that the appellee abandoned the Aberdeen & Athens Public Road which abutted on appellant's farm and permitted the railroad company to obstruct the old road so as to prevent the appellant from egress from and ingress to his farm. That appellant received no compensation for the taking of his property by the county, to-wit, his easement of access to his farm. That appellant had no other way, of access to his farm other than that over lands of adjoining neighbors and under a very dangerous trestle of the railroad company. That for eight and one-half months the access to his property was denied to him by the abandonment of the road and the obstructions to the old road, all of which the appellee refused to remedy. The testimony for appellant was that appellant was damaged during these eight and one-half months in excess of five hundred dollars. The testimony for appellee was that appellant suffered no damage by reason of the fact that the North part of the road and the North crossing were never re-opened by the appellee but there was no testimony by appellee that the appellant was not damaged during the eight and one-half months.

Under this testimony the appellant also showed that by reason of the continued obstruction of the North crossing and the abandonment of the North part of the road his property was damaged by decrease in value of the land from five to seven dollars per acre.

Under this testimony the trial court refused any instruction for appellant as to any damages suffered except nominal damages during the eight and one-half months, to-wit from February 1, 1917, to October 22, 1917, and excluded from the jury all the evidence offered by appellant on these damages; however the court permitted an instruction granting the jury the right to consider any damages to his property due to the continued obstruction to the North

crossing and the abandonment of the North part of the road.

We submit that the question to be decided in a suit of this character is not only the length of time and the depreciation of the property during the taking of the property, but is also the annoyance and inconvenience and consequential damage suffered by the abutting owner during the time the access is denied the abutting owner. And this is a question to go to the jury for a determination from the testimony and is not to be limited alone to the depreciation of the property. See *City of Vicksburg* v. *Herman,* 72 Miss. 211. To argue the injustice of the trial court's rulings to an intelligent and unprejudiced and unbiased court, we think is unnecessary , a simple reference to the law is sufficient in this case to cause the case to be reversed.

*Leftwitch & Tubb,* for appellees.

The counsel for appellant have assigned various and sundry errors on the rulings and decisions of the court below but we do not feel that these deserve sufficient mention to justify us handling each in detail. We wish to take up some phases of the case and present now to the court our views of the law as applied to particular facts in this case, as developed in the trial. The damages claimed by appellant by reason of the closing of the road at the South crossing, from February to October, 1917.

It will be observed that this crossing remained blockaded for a little over eight months, at the most. Plaintiff himself while on the stand says it was stopped up on February 1, 1917, and was opened October 22, 1917; while some of his witnesses introduced by him say it remained blockaded only four or five months. However, according to our view, that is immaterial. The damages claimed by him are:

First: That he suffered inconvenience in having to go over the private property of his neighbors along the road

under the trestle prepared for him by the section foreman of the railroad and that on account of the condition of this road he could haul only about one-half a load of heading and could not haul a full load of hay, because the railroad trestle was too low.

Second: That he lost about five hundred dollars on his crop that year because about thirty acres of his land had to remain uncultivated on account of his inability to get tenants to work it, and that a money lending syndicate would not loan him money on his land because the public road near his land had been changed and abandoned.

Third: That on one occasion when he was going home at night in his buggy, he turned a little short near the railroad trestle, turned his buggy over and broke the top.

The court heard the testimony with regard to plaintiff's inability to haul full loads, this testimony having been presented over the objection of the defendant, and the case on this point was fully developed up to the time plaintiff closed his case. The plaintiff nowhere stated how many loads or what quantity of heading he hauled, or really that he hauled any heading at all during this time. Taking the case in its most favorable light, even if he were granted the right to prove damages of this sort, the testimony presented by him, to say the least, is extremely vague, indefinite and uncertain and this ended in its rendering the damages extremely speculative and remote. *Walls* v. *Smith,* (Ala.), 52 So. 320, 13 Ruling Case Law, Secs. 65, 66, pp. 73-75; *Henderson* v. *Lexington* (Ky.), 22 L. R. A. (N. S.) 20; *Heinrich* v. *City of St. Louis* (Mo.), 46 A. S. R. 490; *Sullivan* v. *Lafayette Co.,* 61 Miss. 271.

Ruling Case Law, sec. 65, *supra,* states the law as follows: Necessity for special injury. To warrant a recovery in any case it must appear that the complaining party has suffered some special damage differing in kind and not merely in degree from that sustained by the general public. It is not enough that the vacation results merely in some inconvenience to his access, or compels a more circuitous route of access, or a diversion of travel

in front of the premises, and a consequent diminution of value. And this same authority in section 66, *supra,* lays down the following rule as to the measure of damages.

Measure of damages. The measure of damages is the difference in the value of the property before and after the vacation, or in other words the depreciation in its market value. To sustain the right of a claimant to compensation, it must appear that the loss results from the depreciation in value of his land because of the change in the street; and his loss must be direct and proximate, and so obvious and substantial as to admit of calculation."

The authorities cited at the footnotes amply sustain the doctrines above announced. In fact as to the measure of damages the *Sullivan case, supra,* lays down the rule clearly as follows, quoting from the syllabus:

"A party whose lands are appropriated for a public highway is entitled to his own losses and not what the county gains. The measure of his damage is the difference of value of his land before and after appropriation, charging nothing against him by reason of enhanced value of land arising from erections thereon.

In considering the present case we are not unmindful of the doctrine announced by this court in *Morris* v. *Covington county,* 118 Miss. 875, cited by counsel for appellant. But the court will observe that the opinion in that case is manifestly based on the idea that the measure of damages is the resultant diminution in the value of the land itself. This appears at the bottom of page 883 in the quotation from *McCann* v. *Clarke County,* 149 Iowa, 13, especially the latter part of the quotation. We of course do not mean to say that in all cases the damages could be confined absolutely to this difference in value of the land before and after appropriation without regard to other elements of damages approximately resulting from the appropriation, but we feel that we may safely assert that in this case there are no other elements of damages that may properly be considered by the court; at least none has been shown or attempted to be shown by the proof in this case. It must be remembered that appellant himself

while on the witness stand and while being examined in chief by his counsel, nowhere stated any diminution in the value of his land during the few months that the South crossing remained closed. But all his testimony referring to the damages sustained by him by reason of the obstruction of this South crossing was directed to the alleged bad road he had to pull over, which road was provided for him by the section foreman of the railroad, the alleged losses on account of being unable to haul full loads of headings, etc., and his alleged losses of crops and alleged breaking of his buggy top. The counsel for the plaintiff at the trial apparently recognized that since the South crossing was only closed for a few months, or that the obstruction was merely temporary and did not offer to prove damages to the land itself resulting from this temporary obstruction.

We wish to call the court's attention further to the fact that in this case the alleged damage resulted from a change in a public highway, and not a city street, and that this is a new question in our courts. For the past hundred years in this state, boards of supervisors have changed and abandoned roads whenever they saw proper to do so, without regard to liability to the abutting property owner and that this long and continued construction of the law must be held, at least to some extent, to create a rule of property and should not be invaded unnecessarily, so as to hamper or embarass the county authorities in making necessary changes, many of which have to be made in building improved modern highways. The court should be extremely cautious in the matter here involved.

HOLDEN, J. delivered the opinion of the court.

This is a suit by Jesse Jackson against Monroe county to recover damages on account of the county having abandoned a public highway upon which his land abutted, thereby obstructing his ingress and egress thereto. The case went to the jury upon the theory that the abutting owner

could recover from the county such damages only as resulted from the depreciation of the value of the abutting land. The jury was instructed, at the instance of appellant to find for at least nominal damages, and also such other damages on account of the decreased value of the land occasioned by the abandonment of the abutting highway. There was a verdict for twenty-five dollars, from which the abutting landowner, Jesse Jackson, appeals.

It appears from the evidence that after the abandonment of the abutting highway by the county the appellant had no way of ingress or egress to his farm except by using a road over his neighbor's land, which went out under a railroad trestle and was an inconvenient and bad road for him to travel in hauling the products from his farm to market. This condition existed for about eight months, when the county re-established the public highway, and this suit was afterwards filed.

The lower court refused to allow a recovery of any damages except for depreciation in the market value of the appellant's land. The appellant complains that the court erred in not allowing recovery for damages suffered by him on account of the injury to his buggy while driving under the trestle; loss on account of being unable to haul full loads of farm products and heading to the market; loss sustained by his inability to secure funds to make a crop on his lands in 1917, which is claimed to have been on account of the abandonment of the highway; and also damages for the value of the use of the property during the eight months in which it was necessary to travel over the inconvenient road under the trestle.

The suit is grounded upon the rule announced in the case of *Morris* v. *Covington County*, 118 Miss. 875, 80 So. 337, wherein it is held that:

"The abutting landowner on a public highway has a special right of easement and user in the public road for access purposes, and this is a property right which cannot be damaged or taken from him without due compensation. The right of access is appurtenant to his land and is pri-

vate property. To destroy this right is to damage his
property, . . . and when the landowner is deprived of
this incidental benefit and advantage by the county, his
property is depreciated in value on account thereof. . .
The enjoyment of the property and improvements made
thereon are to be considered in connection with the ad-
vantages of the public highway as a convenient outlet to the
land, which is a valuable inducement to its ownership,
and goes to make up its usefulness and value."

Now conceding, for the purpose of the discussion only,
that the plaintiff below proved in a proper way the differ-
ent elements of damages claimed, we think the court was
quite correct in denying the recovery for such special losses
claimed by the appellant; because, in the first place, they
appear to be indefinite and remote; and, second, no such
damages are allowable in the case.

The only damages that are recoverable in this character
of case are those that result from depreciation in the fair
market value of the land; and the loss must be substantial
and proximate. Other damage than this is not contem-
plated by the law. 13 R. C. L. section 66, p. 75; *Sullivan* v.
*Lafayette County,* 61 Miss. 271; *Morris* v. *Covington Coun-
ty, supra.* Whether or not the land of the abutting owner
was depreciated in value on account of the obstruction of
his access by the abandonment of the highway was the
question submitted to the jury on a conflict of testimony
in this case. The jury was told that they must find for
plaintiff for at least nominal damages, and for such other
damages as resulted on account of the depreciation in
the market value of the land. They rendered a verdict for
twenty-five dollars, and we see no reason for a reversal.

In ascertaining whether or not land abutting on a high-
way has depreciated in value, and how much, on account of
abandonment of the road, proof should be directed to the
sole issue as to the difference in value, if any, of the land
before and after the abandonment, under the proper rules
of evidence. To permit a recovery against the county for
damages for all other injuries to the owner that may in-

cidentally flow from the obstruction of the access to the land would be unjust, unconscionable, and not within the contemplation of the state Constitution, section 17. Compensation for the "taking or damaging" of the property, land, is all that is recoverable.

The judgment of the lower court is affirmed.

*Affirmed.*