MEEK *et al. v.* HUMPHREYS COUNTY.

(Division A.   Nov. 5. 1923.)

[97 So. 574.   No. 23758.]

1. CONSTITUTIONAL LAW. *Constitutionality of statute not decided, if any escape therefrom; if judgment complained of can be justified on any ground other than authority of statute, its validity will not be passed on.*

   The courts will not decide the question of the constitutionality of a statute, unless there is no escape therefrom; if the judgment complained of can be justified upon any ground whatever other than the authority of the statute claimed to be unconstitutional, the question of the constitutionality of such statute will not be passed upon.

2. APPEAL AND ERROR. *Findings of chancellor, sustained by sufficient evidence, not disturbed.*

   Evidence on issues of fact examined and *held* sufficient to sustain the findings of the chancellor on such issues; therefore such findings should not be disturbed on appeal.

APPEAL from chancery court of Humphreys county.
HON. E. N. THOMAS, Chancellor.

Suit by G. W. Meek and others against Humphreys County. From a decree for defendant, plaintiffs appeal. Affirmed.

*Green & Green,* for appellants.

Point I.   Sections 7080-82 Unconstitutional.—The first question, of necessity, presented is the validity of the

Code sections whereunder defendants assumed to act. Under this section, the supervisors are exercising a limited special statutory authority, and, hence, all things requisite to the exercise of their jurisdiction must affirmatively appear upon the minutes. As said in *Campbell* v. *Humphreys County,* 128 Miss. 749.

See, directly controlling, *Craft v. DeSoto County,* 79 Miss. 618. The same principle is fundamentally established in our jurisprudence. *Adams* v. *Bank,* 103 Miss. 753; *Hinton* v. *Perry County,* 84 Miss. 546; *Garner* v. *Webster County,* 99 Miss. 565; *Bolivar County* v. *Coleman,* 71 Miss. 835; *Henry* v. *Sunflower County,* 71 So. 742; *Sexton* v. *Coahoma County,* 86 Miss. 384.

Now, in *Morris* v. *Covington County,* 118 Miss. 875, 80 So. 337, this court applied the doctrine of *Laurel* v. *Rowell,* 84 Miss. 435, and held, as quoted in approving it in *Jackson* v. *Monroe County,* 86 So. 769.

In the conclusion of the Morris Case, 80 So. 338, this court said: "The special property right that the abutting landowner has in a public highway is not to be damaged or taken from him without due compensation." The following authorities support the views announced above: *Pearsall* v. *Eaton County Supervisors,* 74 Mich. 558, 42 N. W. 77, 4 L. R. A. 193; *Peace* v. *McAdoo,* 46 Misc. Rep. 295, 92 N. Y. Supp. 368; *King* v. *Mayor,* 102 N. Y. 172, 6 N. E. 395; *Kray* v. *Muggli,* 84 Minn. 90, 86 N. W. 882, 54 L. R. A. 473, 87 Am. St. Rep. 332; *Butterworth* v. *Bartlett et al.,* 50 Ind. 537; *Petition of Concord and Pembroke,* 50 N. H. 530; *Kincaid* v. *Indianapolis Natural Gas Co.,* 124 Ind. 577, 24 N. E. 1066, 8 L. R. A. 602, 19 Am. St. Rep., 113; *Town of Longmont* v. *Parker,* 14 Colo. 386, 23 Pac. 443, 20 Am. St. Rep., 277; *Tilly* v. *Mitchell and Lewis Co.,* 121 Wis. 1, 98 N. W. 969, 105 Am. St. Rep. 1007; *Rainey* v. *Hinds County,* 78 Miss. 308, 28 So. 875; *Vicksburg* v. *Herman,* 72 Miss. 211, 16 So. 434; *I. C. Railroad* v. *State,* 94 Miss. 759, 48 So. 561; 10 R. C. L., sec. 155, p. 177; 15 Cyc. 665; 37 Cyc. 193, 206.

See, also, *Jackson* v. *Monroe County,* 120 Miss. 125, 81 So. 788, where the court said: "This case was tried below prior to the decision of this court in *Morris* v. *Covington County,* 80 So. 337. This case established the plaintiff's right to damages in case of discontinuance of a public road, as to an abutting property owner, and would control all of the grounds of demurrer other than the first."

Now, section 4400 has its limitation under sections 4401 and 4402, and the only persons who can thereunder claim compensation are those who "shall claim compensation for the land taken for a public road, or for ᵈamages sustained by the construction of a road."

So, if this section does not provide notice expressly, then in and of itself as to these parties so thus damaged, it is unconstitutional. The amount of the notice, five days, is absolutely unconstitutional as to those residing outside of the state. *Roller* v. *Holly,* 176 U. S. 398, 409, 44 L. Ed., 520, 524, 20 Sup. Ct. Rep. 410.

The importance of this section of the Constitution as affecting the welfare of the citizenry of the state cannot be too strongly emphasized. The case of *Illinois, etc., R. Co.* v. *Commissioners of Highways of Town Mattoon,* 161 Ill. 247, 43 N. E. 1100, is a case almost identical with the case here.

Point II. Error to have dissolved injunction in so far as doctor Jackson, president of the board, was concerned. (a) By section 165, of the Constitution, it is expressly provided: "No judge of any court shall preside on the trial of any cause where the parties, or either of them, shall be connected with him by affinity or consanguinity, or where he may be interested in the same, except by the consent of the judge and of the parties."

This section came under the discussion in *Railroad Company* v. *Kirk,* 102 Miss. 41, 58 So. 710, 42 L. R. A. (N. S.) 1172, Ann. Cas. 1914 C, 970; also in *Insurance Company* v. *Drug Co.,* 83 So. 676, 121 Miss. 510, and *Shireman*

v. *Wildburger,* 87 So. 658, and thereunder it is fundamental in Mississippi that a judge interested may not preside.

In Broom's Legal Maxims (7 Ed.), 116, the maxim is given thus: "It is a fundamental rule in the administration of justice that a person cannot be judge in a cause wherein he is interested; *nemo sibi esse judex rel suis jus dicere debet;* . . ."

And it has been laid down in *Day* v. *Savadge,* Hob. 85, 87, cited *arguendo* 5 Exch. 671, that "even an act of Parliament made against natural equity" as to make a man a judge in his own case is void in itself; for *jura sent immutabilia* and they are *legis legum.* See 3d Cooley's Black. Com., 298, note.

This rule is so well settled that, with the utmost deference, we fail to appreciate why, when injunction constitutes the sole admeasurement of appellants' relief as to the disqualified member, the writ did not run.

Point III. Board of supervisors, having theretofore decided the cause, were without power to re-try that which had already been decided. In this cause, it appears without contradiction that at the April Term, 1922 (Tr. 14) an order had been entered. This order was unanimously passed.

In Broom's Legal Maxims (8 Ed.), pp. 94-99, it is said: "It is a fundamental rule in the administration of justice that a person cannot be judge in a case where he is interested." See, also, *State Board of Health* v. *Roy,* 22 R. I. 538, 48 Atl. 802; *State* v. *Clancy,* 30 Mont. 529, 77 Pac. 312; *Lindsay-Strathmore Irrigation District* v. *Superior Court,* 182 Cal. 315, 187 Pac. 1056; Coke on Littleton, sec. 212.

Point IV. Attorneys' fees excessive. By the decree, seven hundred dollars was allowed as the amount of attorneys' fee. The only evidence was the testimony of Honorable M. G. Blackwell, of the Belzoni Bar, as to attorneys' fees in the community. Counsel never produced any competent testimony upon the sole issue wherefor

damages might be allowed. The question is not as to what would be a reasonable compensation for defending the case, but only for damages caused by the wrongful issuance of the injunction. In short, in this cause, the sole thing involved is the right to condemn a right-of-way substantially thirteen feet long by sixty feet wide, and what would be a reasonable attorneys' fee for services in a case of that kind is not even competent because the injunction bond is not security for fees rendered in the conduct of a cause on the merits. *Curphy* v. *Terrell,* 89 Miss. 632.

So that, to award seven hundred dollars attorneys' fees is absolutely wrong, and in that regard, the decree should be reversed.

Point V. The board of supervisors have no authority within the town of Belzoni. While it is true that the Constitution vests in the supervisors full jurisdiction over rods, yet still under section 3330, of the Code of 1906, each municipality constitutes a separate road district; Hemingway's Code, section 5827.

Under section 3808, Code of 1906, counties and municipalities may co-operate in maintaining principal highways, but under section 3338, Hemingway's Code 5835, the municipality is vested with full jurisdiction in a matter of streets.

*Mortimer & Sykes,* for appellants.

We shall not go into the constitutionality of the statutes involved in this litigation as the same have so ably been dealt with by associate counsel. Section 3808, Hemingway's Code, is clearly to the effect that the changing of a public road can never emanate with the board of supervisors, but this action must be brought about by an external force. Section 7085, Hemingway's Code, has reference to appeals to the circuit court from the order of the board of supervisors in these matters.

When may the courts interfere?  The first question that presents itself is when may the courts interfere with such boards as regards these discretionary matters?  It has been uniformly held that they may do so in the following cases:  In the event of fraud or the gross abuse of discretion.  *Crawfordsville* v. *Broden*, 14 L. R. A. 268, 130 Ind. 149, 28 N. E. 849.  In case of fraud.  *Faucett* v. *Mt. Airy*, 63 L. R. A. 870, 134 N. C. 125, 45 S. E. 1029.  When the powers of the board are being fraudulently, abusively or oppressively exercised.  *Wagner* v. *Bristol Belt Line*, 25 L. R. A. (N. S.) 1278, 108 Va. 594, 62 S. E. 391.  Where the board is acting without the limits of the power conferred upon them by statute but are guilty of malice, corruption, or fraud, or actuated by an unreasonable, arbitrary or capricious spirit.  *Legrange* v. *Overstreet*, 31 L. R. A. (N. S.) 951, 141 Ky. 43, 132 S. W. 169.  Where the board is exceeding its power, or fraud is imputed or shown, or where there is a manifest invasion of private rights.  *Newcomb* v. *Indianapolis*, 28 L. R. A. 732, 141 Ind. 451, 40 N. E. 919.  Where the board is exceeding its powers.  *Charleston* v. *Littlepage*, 51 L. R. A. (N. S.) 353, 73 W. Va. 156, 80 S. E. 131.  Where a municipality undertakes to destroy private property which is not a nuisance *per se*.  *Remington* v. *Walthall*, 31 L. R. A. (N. S.) 957, 82 Kan. 234, 108 Pac. 112.  When the ordinance authorizes an illegal or wrongful disposition of property acquired.  *Roberts* v. *Louisville*, 13 L. R. A. 44, 92 Ky. 95, 17 S. W. 216.  Where the board is acting beyond its power or if the power of discretion is manifestly being abused to the oppresson of the citizens.  *Mt. Carmel* v. *Shaw*, 27 L. R. A. 580, 155 Ill. 37, 39 N. E. 584.  Where they are acting in an unreasonable manner, though within the boundaries of their discretionary or legislative powers.  7 R. C. L., page 942, sec. 18, citing *Stevens* v. *School* (Ill.), 18 L. R. A. 832; *English* v. *Smock* (Ind.), 7 Am. Rep. 215.  Where they are violating the plain and manifest purpose of their creation, or are proceeding in bad faith.  7 R. C. L.,

sec. 18, supra, citing *McCord* v. *Pike* (Ill.) 2 A. S. R. 85.
Where the discretionary action of the board is fraudulent or so arbitrary as to amount to an abuse of discretion. 15 .C. J., sec. 52, page 420. In the event of fraud, or abuse of official discretion to the injury of tax-paying citizens, the courts will control the discretionary acts of county commissioners done within their statutory powers. *Bowden* v. *Riden* (Fla.) 69 So. 696, citing *Asborn* v. *Cooper* (Fla.), 58 So. 50; *Borland* v. *Towles* (Fla.), 67 So. 640. Where an unjust and illegal burden is being imposed on the tax-payers by the municipality, or the money or property of the municipality is about to be wasted and squandered, to replace which taxes must be levied, the tax-payer has such a direct interest that a bill to enjoin the threatened levy will lie. *McCord* v. *Pike* (Ill.), *supra*.

The next legal question, which would perhaps suggest itself on this record, would be—assuming that the action of the board in this regard is as above—Did not the appellants have an adequate remedy at law? Where the record shows that no notice was given to the landowners as required by statute. *Copiah County* v. *Lusk,* 77 Miss. 136. Where the record did not show that ten of the persons signing the petition were freeholders and householders of the county. *Craft* v. *DeSoto County,* 79 Miss. 618. "Where the question involved is whether or not the board of supervisors has proceeded to lay out, alter or change the road in question and assess damages therefor in accordance with the procedure required by law." *Evans* v. *Sharkey County,* 89 Miss. 307.

Disqualification and prejudgment. As to the above proposition: Under our constitutions, both national and state, the humblest citizen of the land, is guaranteed the right to be heard by a fair and impartial tribunal.

In *Getchel* v. *Bradish* (Wis.), 37 L. R. A. 289—Getchel was convicted of selling liquor to a minor and the town of Rushford revoked his license. He carried the cause by *certiorari* to the circuit court where the action of the board

was set aside and on certificate of that court, same was appealed to the supreme court. It appeared that W. W. Noble, Chairman of the town board had hired and procured a minor to purchase liquor from Getchel for the purpose of procuring evidence against him, and that he, Noble, had then sat at the trial by the town board, and participated in the same, including the judgment. The question before the supreme court was whether Getchel was accorded his constitutional right to be heard before a fair and impartial tribunal. In holding that he was not, the court goes into the statutes disqualifying jurors and judges for bias and prejudice, and then says, "Such statutes are confirmatory of the common law." It cites *Queen* v. *London County Council,* 1 Q. B. 190, and quotes therefrom.

Was the board acting within the limits of its powers in attempting to divert this highway from Church Street and place it upon Hayden? By section 5835, Hemingway's Code, municipalities are granted "full jurisdiction in the matter of streets, etc. . . . to open and lay out and construct the same; to repair, maintain, pave," etc.

Section 7179, Hemingway's Code, which is chapter 255, Laws of 1914, amending chapter 174, Acts of 1912, and bringing chapter 257, Acts of 1912, within its purview, provides that a public highway being constructed under any of the good roads laws of this state, where the same runs or extends into a municipality, may be constructed, improved and maintained the same within as without the corporate limits, *provided,* the mayor and board of aldermen shall by an order spread upon their minutes consent for the work to be done by the commissioners.

We have the novel case of the board of supervisors who are to sit in judgment on the cause instituting through their attorney, Mr. Montgomery, the petition to change the road—which petition was duly filed more than three months after the entering of their order to change the road, etc., and at a time when said order was still in full force and effect.

The attorney's fee. In view of the fact that Mr. Montgomery is the regularly retained attorney for the board, we challenge the right of the allowance of any attorney's fee. But should this court hold that same is recoverable, we submit that seven hundred dollars ($700) is out of all proportion to the legal service necessary to dissolve the injunction, and the value of the property, which was a strip of land sixty feet wide and nine hundred fifty feet long.

*Montgomery & Montgomery* and *H. Cassedy Holden,* for appellee.

*When may the courts interfere?* We admit that if fraud or oppression is shown here, or some wrong constituting a manifest abuse of discretion has been established, and that Meek, et al., have no adequate remedy at law, then this appeal would be well taken. We agree on the law thus far. *But such fraud must be clearly and conclusively shown by him who alleges it,* and must be so flagrant as to amount to moral delinquency and corruptness, and *further it must affirmatively be shown that there is no adequate remedy at law.*

*Adequate remedy at law.* Section 7085 of Hemingway's Code, section 4405, Code 1906, provides: "7085 (4405). Proceedings may be reviewed by circuit court.—All proceedings of the board of supervisors, in laying out, altering, or changing any public road, *and assessing damages therefor,* may be reviewed by the circuit court in respect to any matter of law arising on the face of the proceedings; and on the question of damages the cause may be tried anew, and the damages may be assessed by a jury if the owner of the land so desire, and the board of supervisors shall grant appeals for that purpose, when prayed for, on the appellant giving bond for the costs in such penalty as the board may require, not exceeding two hundred dollars, payable to the county; and such bond shall

have the same effect and be subject to the same proceedings, as appeal bonds in other cases; and any person interested as a tax-payer, may appeal in like manner and with like effect, from the action of the board in assessing, allowing, or disallowing damages in opening or changing a road."

All questions of law arising upon the face of the proceedings may be reviewed. "Arising" simply means to "begin," "spring up," "originate," "come into visible notice." Therefore it must arise, spring up, come into visible notice from the face of the proceedings, *as a matter of law, that the public interest and convenience require the change,* before the board has jurisdiction to grant the petition. This showing of fact is made a jurisdictional fact in the statute empowering the board to lay out and change roads.

As cited by appellants, this court has held in *Copiah County* v. *Lusk,* 77 Miss. 136, 24 So. 972, that notice must be given to the landowners to be affected. This is true because *notice* is a jurisdictional fact.

In the Codes of 1880, 1871 and 1857, no provision is made or provided for review by the circuit court or any other court with respect to the assessment of damages. It was provided in all those codes, substantially that it shall not be lawful to open said road for use until the damages shall be assessed and paid. But for the first time in the Code of 1892, section 3896, of which section 7085, Hemingway's Code, copied *supra,* is a rescript.

In the case of *Strahan* v. *Attala County,* 91 Miss. 529, 44 So. 857, the board denied the petition on the ground that, admitting all the testimony of petitioners to be true, —the public necessity did not require the road.

We say that the holdings of many able judges and much learning of the past is to the effect that fraud or oppression or arbitrary abuse of discretion may be reviewed by the courts. Here the legislature expressly provides for it, and the power exists by virtue of the statute, and the

constitution which confers the jurisdiction and then says, "To be exercised in accordance with such regulations as the legislature may prescribe." (Sec: 170, Const. 1890.)

*Disqualification and prejudgment.* Relative to the law on this proposition, we contend that this rule is largely based upon statute. No statute in Mississippi requires that the board of supervisors must all five be disinterested in the laying out of a public road.

The law expressly provides that the actual laying out of the road and the decision as to the practicability of the new road or change be determined by two members of the board from districts other than that of the road. The change contemplated here is in District No. 1. No member of the board except the member from District No. 1 owns any property whatever in District One.

Furthermore an appeal is given by statute to the circuit court, under and by which full protection is absolutely given against all fraud or oppression, or the gross abuse of discretion. And as to any damage which any individual may sustain, *a trial by jury de novo is given.* In such cases the rule relative to disqualification and prejudice contended for by appellants does not apply. *Stewart* v. *Baltimore,* 7 Md. 500; *Scott* v. *People,* 120 Ill. 129, 11 N. E. 408; *People ex rel. Samuel* v. *Cooper,* 139 Ill. 461, 29 N. E. 872.

In the note on page 1207 in 2 A. L. R. we find: "The majority of the courts which have had occasion to consider the question agree with the reported case (*Federal Constr. Co.* v. *Curd, ante,* 1202) in holding that the interest which one or all of the members of a body charged with the making or rectifying of assessments for a public improvement may have, arising from the fact of their ownership of property directly affected by the proposed improvement, does not create such a disqualification to sit or act in the premises as to render their action void, as not constituting due process of law. See *Hibben* v. *Smith* (1903), 191 U. S. 310, 48 L. Ed. 195, 24 Sup. Ct.

Rep. 88, affirming (1902) 158 Ind. 206, 62 N. E. 447; *Lent* v. *Tillman* (1890), 140 U. S. 316, 35 L. Ed. 419, 11 Sup. Ct. Rep. 825; *Less Land Company* v. *Fender* (1915), 119 Ark. 20, 173 S. W. 407; *Oates* v. *Cypress Creek Drainage Dist.* (1918), — Ark. —, 205 S. W. 293; *People ex rel. Chapman* v. *Sacramento Drainage Dist.* (1909), 155 Cal. 373, 103 Pac. 207; *Nemaha Valley Drainage Dist.* v. *Marconnit* (1912), 90 Neb. 514, 134 N. W. 177; *Drainage Dist.* v. *Chicago B. and Q. R. Co.* (1914), 96 Neb. 1, 146 N. W. 1055; *State ex rel. Dorgan* v. *Fisk* (1906), 15 N. D. 219, 107 N. W. 191; *Re Cranberry Creek Drainage Dist.* (1906), 128 Wis. 98, 107 N. W. 25."

"The ownership of property affected by the improvement will not, *ipso facto,* in the absence of any statutory provision operating to the contrary, operate as a disqualification. See *Less Land Co.* v. *Fender* (1915), 119 Ark. 20, 173 S. W. 407; *Oates* v. *Cypress Creek Drainage Dist.* (1918), — Ark. —, 205 S. W. 293; *People ex rel. Chapman* v. *Sacramento Drainage Dist.* (1909), 155 Cal. 373, 105 Pac. 207; *Nemaha Valley Drainage Dist.* v. *Marconnit* (1912), 90 Neb. 514, 134 N. W. 177; *Re Cranberry Creek Drainage District* (1906), 128 Wis. 98, 107 N. W. 25." See Note in 2 A. L. R. 1207.

The real object of the original bill in this cause, if we are to believe the prayer, is not only to restrain the board from taking any action at all upon the petition to alter the road, but also to compel the board and state highway department (by eliminating every approach to bring the improved highway through Belzoni over Church street. The facts in the case show that the board was fair and impartial.

Appellants say they have proven fraud because they showed that the board had passed an order directing its attorney to condemn this proposed road through the Daniels and Turk properties. Does this show fraud? It will be recalled that the board has no jurisdiction over the streets of Belzoni, as counsel have so lucidly explained.

in their brief, and which we readily admit. This change involves only a little spur of nine hundred and fifty feet just north of the corporate limits of Belzoni. The city can do what it will with its streets and can improve either Hayden or Church, or both.

*Injunction premature.* This point alone settles this appeal forever, and consideration of all other questions, including the unconstitutionality of sections 7080 to 7085 is wholly unnecessary.

The appellants, when this petition was filed with the board should have come before the board and presented their case. Then, if the board had ruled adversely to their wishes, they should have appealed under section 1085 to the circuit court. If section 7085 does not afford them adequate relief, and we most earnestly submit that it affords full relief, then they could have gone into chancery and have obtained full relief against fraud or oppression, or wanton abuse of discretion, which is all they even claim on this proceeding.

As to the prematureness of this proceeding we cite as being squarely on all fours, the cases of: *Neville* v. *Adams County,* 123 Miss. 413, 86 So. 261; *Jackson County* v. *Neville,* 123 Miss. 571, 86 So. 353.

*The attorney's fees.* Montgomery and Montgomery are employed by the board of supervisors to prosecute and defend each case as it arises. They are regularly retained, it is true, but work wholly upon a fee basis in all litigation for the county. This is one of the hardest fought lawsuits ever tried in Humphreys county. It involves and, in reality, affects the greatest and most costly improvement project ever contemplated by the county.

Attorney's fees upon dissolution of injunction are addressed to the sound discretion of the lower court, and unless clearly unreasonable, will not be disturbed. *N. O. M. and O. R. Company* v. *Martin,* 105 Miss. 230, 62 So. 228.

*Attorney's fee in supreme court.* A motion in the supreme court for defending against an injunction is allow-

able, and fee is usually fifty per cent of that allowed by the lower court. Hence three hundred and fifty dollars should be allowed on the motion which has been and is hereby made here. *Brooks-Scanlon Company, etc.* v. *Stagner,* 114 Miss. 736, 75 So. 596; *Curphey* v. *Terrell,* 89 Miss. 624, 42 So. 235; *Jamieson v. Dulaney,* 74 Miss. 890, 21 So. 972.

*Constitutionality.* As stated, we now challenge the right for this question to be here for the first time raised, for the reasons that, (1) this question will not be first considered on appeal, and (2) by their delay, appellants .have waived their right to raise this question, and (3) the question of the unconstitutionality of the statute cannot be raised in a collateral attack or upon an application for a preliminary injunction.

In support of our first objection to a discussion here and now of the constitutionality of the sections referred to, we refer the court to 3 Corpus Juris, page 710. It is a rule of nearly general or universal application that objections must be made in a trial court in order to preserve questions for review. *Southwestern Oil Company* v. *Texas,* 217 U. S. 114, 30 S. Ct. 496, 54 L. Ed. 688; *Chesapeake, etc.* v. *McDonald,* 214 U. S. 191, 29 S. Ct. 546, 53 L. Ed. 963; *Cox* v. *Texas,* 202 U. S. 446, 26 S. Ct. 671, 50 L. Ed. 1099; *Brothers* v. *Cunningham,* 189 Fed. 884, 111 C. C. A. 146; *Southern R. Co.* v. *King,* 160 Fed. 332, 87 C. C. A. 284, (aff. 217 U. S. 524, 54 L. Ed. 868) etc.; *Hammond Packing Company* v. *State,* 81 Ark. 519, 126 A. S. R. 1047; *Clarke Hardware Company* v. *Centennial Tunnel Company,* 22 Colo. A. 174, 123 Pac. 322; *Miller* v. *Thorpe,* 4 Colo. A. 559, 36 Pac. 891; *Norwich Gas, etc., Co.* v. *Norwich,* 76 Conn. 565, 57 A. 746; *Edwards* v. *Guyton,* 140 Ga. 553, 79 S. E. 195; *Ga., etc., R. Company* v. *Newton,* 140 Ga. 463, 79 S. E. 142; *Burkhardt* v. *Fitzgerald,* 137 Ga. 366, 73 S. E. 583; *Johnson* v. *Ware,* 135 Ga. 365, 69 S. E. 481, and many others; *McEniry* v. *Tri-City R. Co.,* 254 Ill. 99, 98 N. E. 227; *Clowry* v. *Holmes,* 238 Ill.

577, 87 N. E. 303; *R. Haas Electric Company* v. *Springfield Amusement Park Company,* 236 Ill. 452, 86 N. E. 248, 127 A. S. R. 297, 23 L. R. A. (N. S.) 620; *Morgan Park* v. *Knopf,* 210 Ill. 453, 71 N. E. 340, and others; *Rose* v. *State,* 171 Ind. 662, 87 N. E. 103, 17 Ann. Cas. 228; *Haas* v. *Leverton,* 128 Iowa, 79, 102 N. W. 811, 5 Ann. Cas. 974; *Britt* v. *Caldwell-Norton Lumber Company,* 129 La. 243, 55 So. 778; *Walker* v. *Schultz,* 175 Mich. 280, 141 N. W. 543; *So. R. Co.* v. *Jackson,* 49 So. 738; *State* v. *McQuillin,* 246 Mo. 586, 151 S. W. 444, and about thirty more. Other cases from Montana, New Jersey, New York, Oregon, Pennsylvania, South Carolina, South Dakota, and Washington.

A constitutional question cannot be raised in a collateral proceeding or on application for a preliminary injunction. See 12 C. J., page 783. The same principle is enunciated in *Neville* v. *Adams Company,* 123 Miss. 413, 86 So. 261.

Argued orally by *J. A. Sykes* and *Garner W. Green,* for appellant, and *M. B. Montgomery* and *H. C. Holden* for appellee.

ANDERSON, J., delivered the opinion of the court.

Appellants G. W. Meek and others, taxpayers of Humphreys county, and also interested as part of the traveling public in the Belzoni-Isola public highway, filed their bill in the chancery court of said county against the appellee, the board of supervisors of Humphreys county, for the purpose of enjoining the latter from proceeding further under sections 4400 to 4402, inclusive, Code of 1906 (Hemingway's Code, sections 7080 to 7082, inclusive), to alter or change the said public highway so as to make the same enter the corporate limits of the city of Belzoni at the northern terminus of Hayden street, instead of the northern terminus of Church street, two of the streets of said city. Upon the filing of said bill a fiat was granted for a temporary injunction in accordance with the prayer of

said bill, which injunction was issued and served upon the appellee.

The grounds for relief set up in appellants' bill were that the board of supervisors had prejudged the questions which would arise in the consideration by it of the proceedings to alter or change said public highway, and that said proceedings to alter or change said public highway were unjust, oppressive, and fraudulent. The cause was heard on original bill, answer, motion to dissolve the injunction, and proof. A final decree was rendered, dismissing the appellants' bill, from which they prosecute this appeal.

Although the question was not raised by the pleadings it is argued before this court on behalf of appellants that sections 4400 to 4402, inclusive, Code of 1906 (Hemingway's Code, sections 7080 to 7082, inclusive), are violative of section 17 of the Constitution, in that said statute authorizes the alteration or change of a public highway from one location to another without making provision for any damages which abutting property owners on the highway so abandoned might suffer by such change (to which damages they are entitled, as held in *Morris* v. *Covington County,* 118 Miss. 875, 80 So. 337) ; and for the further reason that said statute is violative of the due process clause of the Constitution, because it provides no notice and hearing for the abutting property owners on the highway so abandoned.

At the time the bill in this cause was filed, and the injunction issued and served, the proceedings under said statute had only progressed to the point of the petition for the alteration or change in said highway, provided for by the first section thereof being filed with the board of supervisors. No action had been taken thereon; the time for its hearing and consideration had not arrived.

It is argued on behalf of the board of supervisors that appellants are not in a position to raise the question of the constitutionality of said statute, because no action

had been taken by the board thereunder, affecting in any manner whatever the rights of appellants, either as taxpayers of said county or as a part of the traveling public therein, and there was no certainty that any such action would be taken as the result of the consideration by the board of such petition.

The courts will not decide the question of the constitutionality of a statute, unless there is no escape therefrom. It is useless to cite authorities to that effect. It is a universal principle of constitutional law in this country. Therefore, conceding said statute to be unconstitutional, still, if the judgment of the court complained of can be justified upon any other ground whatever than the authority of said statute, then its constitutionality will not be passed upon. The application of that principle, we think, makes the question here involved easily solvable. The board of supervisors had made no order for the alteration or change of the highway in question. The petition had not been heard. Under the statute when heard it was a matter of sound discretion after due consideration by the board whether it should be granted. In other words, simply the first step in the proceedings under this statute had taken place, which in no wise directly or indirectly affected the rights of appellants, nor was there any warrant for the position that any action would be taken affecting their rights. The whole proceedings might have resulted in a dismissal by the board upon the ground that the contemplated alteration or change in the highway should not be made. And furthermore the board of supervisors had the power, and it was their duty, if in their judgment said statute was beyond question unconstitutional, to so hold and dismiss said proceedings on that ground without cost or expense of any kind, either to the appellants or the taxpayers of the county at large. This is an analogous question to that involved in *Neville* v. *Adams County,* 123 Miss. 413, 86 So. 261. In fact the present case is ruled by that case as it appears to us. It

was held in that case, and we hold in this, that the bill for injunction was prematurely filed because no one was injured by the proceedings in question, and there was no certainty that any one would be.

On the issues upon which this case was tried out in the court below, viz. whether the members of the board of supervisors of Humphreys county had prejudged the said cause pending before it to alter or change the said highway, and was proceeding in an unjust, oppressive, and fraudulent manner so to do, we find that there was ample testimony to sustain the findings in favor of appellee. In other words, there was a finding of facts by the chancellor on the issues of fact in the cause, and ample testimony to sustain that finding. Under numerous cases decided by this court such findings of the chancellor will not be disturbed.

*Affirmed.*