BERRY *v.* BOARD OF SUP'RS OF JEFFERSON DAVIS COUNTY.

(Division A. Feb. 24, 1930.)

[126 So. 405. No. 28441.]

W. M. **Lofton,** of Mendenhall, and **O. L. Berry,** of New Hebron, for appellant.

Livingston & Milloy, of Prentiss, for appellee.

McGowen, J., delivered the opinion of the court.

The appellant, Berry, filed a bill in chancery court against the appellee, the board of supervisors of Jefferson Davis county, to which a demurrer was interposed by the appellee, and which demurrer was sustained by the court below. The bill was dismissed and an appeal prosecuted to this court.

The bill shows that the appellant was the owner of a tract of land in Simpson county, Miss., "lying without about two hundred yards of the county line between the counties of Simpson and Jefferson Davis," and that tract of land in Simpson county abutted on a road which had been an established, maintained, public road for thirteen, or fourteen years, known as the old Prentiss and Pinola Public road; that part of it in Jefferson

Davis county was a continuance of the road which was abutted by appellant's land.

The board of supervisors of Jefferson Davis county entered an order discontinuing all that part of the said public road beginning at the county line and running south therefrom in the county of Jefferson Davis. The bill alleged that the order was void, for reasons unnecessary to detail here, and further alleged that the board of supervisors was without authority to discontinue the road. The bill alleged further:

"That your complainant has suffered all kinds of damages and irreparable loss on account of the said pretended void order of the board of supervisors in attempting to pass said order, and that he has no adequate remedy at law, and his only remedy is in a court of equity, and that he is entitled in a court of equity to have said pretended order of said board of supervisors of said Jefferson Davis county passed at its regular meeting in August, 1928, cancelled and held for naught because said pretended order is void for the reasons already stated herein."

It is further alleged that he had built houses and made improvements on his tract of land abutting the public road in Simpson county, and that, because of the discontinuance of the road in Jefferson Davis county, he would be unable to travel in that direction further than the county line, and that the board had no authority to pass the order without granting the public a road in that county. The prayer of the bill was that the order discontinuing the road be set aside, and that the court order the discontinued road lying south of the county line in Jefferson Davis county opened and made ready for public travel.

The answer denied that the bill showed any damage, and in conjunction with its answer the board of supervisors of Jefferson Davis county filed a demurrer to the effect that there was no equity on the face of the bill, and that the chancery court had no jurisdiction to can-

cel the order of the board of supervisors under the allegations of the bill.

Under the sections of the various Constitutions of this state, the boards of supervisors or those who hold office of the same character, are given full jurisdiction of roads, ferries, and bridges. Section 170 of the Constitution of 1890 is of like effect. It has been generally considered that the county authority in whom the Constitution vested the jurisdiction of roads has a right to discontinue a public road. Indeed, we do not think that proposition is seriously controverted in appellant's brief filed here. The boards of supervisors have the power to discontinue a public road. In addition to section 170 of the Constitution, see Nicholson v. Stockett, Walk. 67; Hatch v. Board of Supervisors of Monroe County, 56 Miss. 26.

The extreme limit of appellant's right, if it can be said from his brief that he owns land abutting on the discontinued road in Jefferson Davis county, is fixed by the rule announced by the court in Morris v. Covington County, 118 Miss. 875, 80 So. 337, wherein it was held that the abutting landowner on a public highway in the county has a special property right in the easement and free use of the public road for access purposes, and, when he is deprived of this property right by an abandonment of the highways by the county authority, he is entitled to special compensation on account of such abandonment, such being taking or damaging private property for public use within the constitutional inhibition as found in section 17 of the Constitution of 1890.

The Morris case, supra, was followed in Jackson v. Monroe County, 124 Miss. 264, 86 So. 769, wherein it was held that the county is liable for damages to the abutting landowner for abandoning the public highway; and the measure of damages recoverable is the amount of loss resulting from the depreciation in the fair market value of the land, and that loss must be substantial and

proximate. If the appellant can be said to be an abutting owner on a road in another county than that in which his land is situated, then he has a plain and adequate remedy at law, and the chancery court is without power to supervise the board of supervisors in the lawful exercise of its constitutional jurisdiction, and statutory authority conferred by section 3978, Hemingway's 1927 Code (section 307, Code of 1906), is to the effect that boards of supervisors of this state have full jurisdiction over roads, highways, ferries, and bridges, and all other matters of county police.

Appellant seems to have abandoned the theory of the bill that the order of the board of supervisors was void, as he does not point out in his brief any particular thing which would render the order void; neither does he make the order an exhibit to his bill. If he is an abutting owner under the circumstances we have detailed, and if damages ensues to the land of which he is the owner, because of the order discontinuing the road, his remedy is to sue therefor, and he is confined to that remedy in so far as any statement of fact appears in the bill before us in this record.

Affirmed.