BYRD *et al. v.* BOARD OF SUP'RS OF JACKSON COUNTY.

(Division B. Oct. 18, 1937.)

[176 So. 386. No. 32842.]

(Division B.   Nov. 15, 1937.)

[176 So. 910.   No. 32842.]

**H. B. Everitt,** of Pascagoula, for appellants.

Otto Karl Wiesenburg, of Pascagoula, for appellants.

886

H. P. Heidelberg, of Pascagoula, for appellee.

888

Argued orally by **Otto Karl Wiesenburg**, for appellant, and by **H. P. Heidelberg**, for appellee.

**Anderson, J.,** delivered the opinion of the court.

Undoubtedly, if this was a private road, the Board of Supervisors was without jurisdiction; on the other hand, if it was a public road, under section 170 of the Constitution and section 214, Code of 1930, it has jurisdiction.

Appellants' contention that it was not shown to be a public road comes too late. That question was neither raised nor passed on by the Board of Supervisors or the circuit court. In the entire proceedings it was treated as a public road. Some of the petitions against its closing described it as a public road (record pages 13, 15 and 16), and the Board of Supervisors and the circuit court in their orders referred to it as a public road. It is too late now to make that an issue.

Legislation authorizing the closing and discontinuance of a public road was not necessary. Such authority is given by section 170 of the Constitution, but we also have legislative authority in section 214, Code of 1930. Berry v. Board of Supervisors, 156 Miss. 629, 126 So. 405. Under section 17 of the Constitution neither the state nor any of its political subdivisions is required to tender in actual cash just compensation for the property taken or damaged in an eminent domain proceeding. The requirement of just compensation in advance is satisfied when the public faith and credit are pledged to a reasonably prompt ascertainment of payment and there is adequate provision for enforcing the pledge. Hinds County v. Johnson, 133 Miss. 591, 98 So. 95; State Highway Commission v. Buchanan, 175 Miss. 157, 165 So. 795, 166 So. 537.

If abutting property owners were damaged in the closing of the road, they still have their remedy under the Berry Case.

Affirmed.

**Griffith, J.**, delivered the opinion of the court on suggestion of error.

We apprehend that counsel have not understood the opinion rendered in this case; they have instead erected a straw man and have valiantly attacked him in their suggestion of error. The record shows that both sides, the petitioners and the contestants, substantially averred

in their representations to the board that the road in question was a public road, and the issue presented to the board, as shown by the bill of exceptions filed in the circuit court, was not whether the road was a public road, but whether it should be closed. The circuit court was confined in its determination to "the case as presented by the bill of exceptions," section 61, Code 1930, and we are not to review here another and a different case from that presented in the lower tribunals.

We note that counsel say that our original opinion is of such character that lawyers and the people do not know what to depend upon as to what the law is or what the courts are going to say upon any legal proposition; that even the Constitution may be set aside at the pleasure of the courts, and that it is no wonder the American people are fast beginning to have no respect for the Constitution or the laws. Although rarely, we have nevertheless sometimes seen similar expressions in suggestions of error. The office of a suggestion of error is to furnish light, not heat; and there ought to be no difference of opinion that expressions such as above mentioned, are improper, whether in or out of court.

Suggestion of error overruled.