TOWN OF CLINTON ET AL. v. MATTIE TURNER.

[52 South. 261.]

MUNICIPALITIES. *Streets. Vocation. Compensation. Abutting owners.*

Under Code 1906, § 3336, conferring on municipalities power to vacate streets and alleys, and providing that a street shall not be closed except on due compensation being first made to abutting owners for all damages sustained thereby, one owning lands on a continuous street, although the north and south ends bore different names, forming a continuous way in front of said lands, and across a railroad right of way, is an "abutting owner," and the municipality can not vacate the street, and permit the erection of a railroad depot therein, without first making compensation.

FROM the chancery court of, first district, Hinds county.

HON. G. GARLAND LYELL, Chancellor.

Madame Turner, appellee, was complainant in the court below; the town of Clinton and the Alabama & Vicksburg Railway Company, appellants, were defendants there. From a decree overruling their demurrer to the bill of complaint, the defendants appealed to the supreme court. The material facts, as shown by the bill, are stated in the opinion of the court.

*McWillie & Thompson,* for appellants.

The demurrer to the bill should have been sustained. Madame Turner, complainant, appellee, was not an abutting owner. Her lands were not upon that portion of the street vacated by the municipality. *Poythress v. Mobile, etc., R. Co.,* 92 Miss. 638, 46 South. 139; *Cram v. Laconia,* 57 L. R. A. 282.

The appellee stood by and, without objection, saw the expenditure of a large sum of money in the erection of a valuable depot and awaited its completion before making complaint. She is now estopped from asking the injunctive relief for which she prays. 16 Am. & Eng. Ency. of Law (2d ed.) 356, 357, and authorities cited.

The railroad commission of the state, under Code 1906, § 4863, is the only tribunal authorized to pass upon the location of depots; and, under Code 1906, § 4854, it will be unlawful to remove the depot now that it is established, without the approval of the commission. The chancery court is without jurisdiction in the premises; nor does Constitution 1890, sec. 147, apply, since it only prevents reversals because of error as between common-law and equity jurisdiction, not between equity jurisdiction and the statutory jurisdiction of the state railroad commission.

*Graves, Easterling & Manhip* and *V. J. Stricker,* for appellee.

The first objection raised in the demurrer to the bill and amendment is want of equity. The reply to this is well settled by authority that equity will enjoin the interruption of public easements or obstructing streets. *Briel v. Natchez,* 48 Miss. 423; *Canton Warehouse Co. v. Potts,* 69 Miss. 31, 10 South. 448; *Learned v. Hunt,* 63 Miss. 373; *Jones v. Brandon,* 60 Miss. 556; *Laurel v. Rowell,* 84 Miss. 435, 36 South. 543; 16 Am. & Eng. Ency. of Law (2d ed.) 342; *Silver Creek, etc., Co. v. Yazoo, etc., R. Co.,* 90 Miss. 395, 43 South. 478; *Coleman v. Holder,* 88 Miss. 798, 41 South. 374.

If such obstruction be made under circumstances entirely dis-

regardful of eminent domain proceedings, constitutional provision, and under conditions which ripen the trespass into a nuisance by reason of its continuance and into injuries which for that reason are irreparable, then an injunction will lie to remove such obstruction and is the proper remedy to that end. *Canton Warehouse Co. v. Potts,* 69 Miss. 31, 10 South. 448; *Laurel, etc., Co. v. Rowell,* 84 Miss. 435, 36 South. 543.

It is earnestly insisted by counsel for appellants that the town has full authority under the law to pass an ordinance vacating a street without compensation to the owners, and they cite Code 1906, § 3336, to the effect that municipalities are given the power "to .close and vacate any street or alley or any portion thereof but fail to cite the remainder, "but no street or alley or any portion thereof shall be closed or vacated except upon due compensation being first made to the abutting land owner upon such street or alley for all damages sustained thereby."

In answer we content ourselves with citing Sec. 17 of the Constitution of 1890.

The case of *Cram v. Laconia,* 57 L. R. A. 282, cited by counsel for appellant, merely held that the discontinuance of a part of a street remote from plaintiff's property, where there is a system of cross streets connecting complainant with all portions of said city, which merely occasions a slight inconvenience in going out of the way, is not actionable, but on page 288 the court says: "Undoubtedly the discontinuance of any part of a street although away from complainant's premises, which has the effect to destroy and impair the portion of the street upon which he abuts as a means of access by cutting it off from communication with the system of streets would be actionable—not, however, because of the discontinuance of the street away from complainant's premises, but because of the practical discontinuance of the part upon which he abuts, as an effect of the actual discontinuance of the part away." And, see *Poythress v. Mobile, etc., R. Co.,* 92 Miss. 638, 46 South. 139.

That case does not conflict with *Laurel, etc., Co. v. Rowell,* or *Canton Warehouse Co. v. Potts.* Besides it is expressly stated in this opinion that Poythress was not an abutting owner on the part of the street closed.

In support of the proposition that complainant is an abutting owner and entitled to the relief sought we cite the following: *Portland R. Co. v. Portland,* 58 Am. Rep. 299; *Grey v. Iowa Land Co.,* 26 Iowa, 387; *Glasgow v. St. Louis,* 107 Mo. 202; *Duback v. Hannibal R. Co.,* 89 Mo. 483; *Smith v. McDowell,* 148 Ill. 51, 22 L. R. A. 393; *Schopp v. St. Louis,* 20 L. R. A. 783; *New Haven v. New Haven R. Co.,* 18 L. R. A. 256.

Argued orally by *T. A. McWillie,* for appellants, and by *Lamar Easterling,* for appellee.

MAYES, C. J., delivered the opinion of the court.

This suit was begun in the chancery court of Hinds county by Mattie Turner, in which she seeks to have declared void an ordinance of the town of Clinton closing up the south end of Neal avenue and the north end of Jefferson street, and also to compel the removal from across the streets in question of the depot of the Alabama & Vicksburg Railway Company as an obstruction to same. She also seeks to recover damage claimed by her to have been sustained by reason of the closing of the street and its obstruction by the depot, and also prays for an order compelling the opening of the street and enjoining the town of Clinton and the railway company from further obstructing or interfering with the street. The bill filed is a lengthy one, and need not be here copied.

It appears from the bill that prior to the year 1907 Jefferson street was one of the main streets in the town of Clinton, running north and across the right of way and tracks of the Alabama & Vicksburg Railway Company, and after crossing the tracks, though a continuous street, its extension or continuation was called Neal avenue. This street had been maintained and

used as a public thoroughfare for more than fifteen years. Mattie Turner owned land fronting and abutting on the east and west side of Neal avenue, or Jefferson street extended; in fact, her land was divided by this continuous street, and she alleges that she bought the property and built houses thereon, adjusting same with reference to this street. The complainant has erected two houses near the point where Neal avenue, or Jefferson street extended, touches the southern boundary of the railroad right of way. These houses were built at considerable expense to her, and fronting on both sides of Neal avenue. One house is a storehouse, and the other a boarding house and store combined. Some time in 1907 the mayor and board of aldermen of the town of Clinton undertook to close the south end of Neal avenue near complainant's houses, and at the point where the avenue ran into Jefferson street extended, and on the boundary of the railroad right of way. At the same time and in the same order that the mayor and board of aldermen directed the closing of Neal avenue on the south, they also directed the closing of Jefferson street on the north and at the point where same touched the southern boundary of the Alabama & Vicksburg Railway Company right of way. In short, the board discontinued this crossing entirely, and authorized the railway company to occupy the whole street across the tracks with a new depot, thus barring passage across there as effectually as if a fence had been built from side to side, and in doing this it closed all access south from Neal avenue to Jefferson street, and from Jefferson street north to Neal avenue. Before the erection of this new depot, the old depot stood some little distance east of the crossing, leaving same free to travel. The town authorities undertook to provide a new street, and to call this new street Neal avenue; but, in order for complainant to get to or from her property, it was necessary to go some distance and by a circuitous route to a point considerably west, where Monroe street crossed the railroad tracks; in short, the new arrangement left complainant in a lane closed up at a point near her houses, making it necessary to travel a circuitous

route many times greater in distance than she had formerly been compelled to travel, and closing up what had been for fiften years an open and continuous street. When the street was closed, no compensation was paid to complainant or offered to be paid. The bill alleges that complainant is an abutting owner on the street, and that the action of the town was without authority and void, and that the railroad company, by placing its depot across the street by authority of the town, unlawfully obstructed the use of the street, and that the depot was unlawfully there. The bill was demurred to, and the demurrer overruled, from which order an appeal is here prosecuted to settle the principles of the case.

The first question presented is whether or not Mattie Turner is an abutting property owner, within the meaning of section 3336 of the Code; and we have no hesitancy in saying that she is, and that she has all the rights of an abutting property owner under the law. The street on which she lived, before same was closed, was one continuous street; the south end being Jefferson street and the north end being Neal avenue, but forming a continuous and unobstructed way to and from and in front of her property in the town of Clinton and across the railroad right of way. The point at which this street is ordered to be closed on the south side is adjacent to the property of Mattie Turner, anl by the closing of the street she has now nothing left but a lane and a very circuitous route from it to reach her property. Section 3336 of the Code confers upon municipalities the power "to close and vacate any street, or alley, or any portion thereof;" but this very same section provides that *"no street or alley or any portion thereof* shall be closed or vacated except upon due compensation being *first* made to the abutting landowners upon such street or alley for all damage sustained thereby." The last clause of this section was put into the Code of 1906 for the first time, and it could have had but one purpose, and that was to more completely protect the citizen in his property rights from incidental damage done him by closing streets, or any portion thereof, by the varying whims of those put in charge of the

municipal affairs.   The law recognizes that abutting property
owners' rights in streets is a property right, and, like all other
property rights, it guards and protects it.   From the unreason-
able hardships imposed upon citizens in this way grew the law
for their protection, crystallizing in section 17 of the Constitu-
tion, and emphasized and broadened by section 3336 of the Code
of 1906.

This case is controlled by the case of *Laurel v. Rowell*, 84 Miss.
435, 36 South. 543.   The learned judge delivering the opinion
in that case, the late Justice CALHOON, noted for his love of man-
kind and hatred of any kind of oppressive action by those in
authority, said: "The tendency of these boards throughout the
country is to usurp powers not given them.   Countless oppres-
sions of private citizens, too poor, too ignorant, or to humble to
excite attention or enlist the advocacy of the influential, never
see the sunlight of the courts of law. . . .   They must be
held in with a tight rein at the bar of the people, sitting in the
person of their judges in their solemn tribunals of justice.   All
citizens of a town have the right to have their public thorough-
fares, streets, or alleys, whether acquired by dedication or user,
kept open for their own use and the use of visiting strangers
who come for commerce or social intercourse.   They should
never be closed, except when plainly for the public good, and
cannot then be closed except upon compensation first paid for
any damage to abutting proprietors."   The case of *Poythress v.
Mobile, etc., R. Co.,* 92 Miss. 638, 46 South. 139, has no applica-
tion on the facts of this case.   The point on which that case
turned placed Poythress without any cause of complaint.   It
was there held that Poythress was not an abutting property
owner, and, since the law only applies to that character of per-
sons, it was necessarily held that the suit could not be main-
tained.   The case of *Cram v. City of Laconia,* 71 N. H. 41,
51 Atl. 635, 57 L. R. A. 282, was cited for the single purpose
of showing that under the facts of the *Poythress case* it had
been held in the *Cram case* that such person was not an abutting

property owner.    The facts of the two cases last cited were similar on the question as to whether or not Poythress could be held to be an abutting property owner.

The jurisdiction given to the municipalities to close and vacate streets, or any portion thereof, is coupled with the condition that they shall *first* make due compensation to abutting property owners.    When they act without doing this, they act without authority, and their action is no more forceful than if done by a wholly unauthorized person or body of persons. Municipalities act under limited powers, and must find their authority clearly given in the law, and when so found they must follow the law.    The town of Clinton, through its authorities, could not close this street, except in the manner and upon conditions prescribed by law; and, being so restricted themselves, they could give no authority to the railroad to place its depot in this street.    This being the case, the street is unlawfully closed, and the depot is in the street wrongfully.

The decree of the court overruling the demurrer was correct, and the decree is affirmed and remanded, with leave to answer within sixty days after filing of mandate in court below.

*Affirmed and remanded.*