**(91 South. 403)**

**No. 25135.**

## STATE v. REEVES et al.

(March 27, 1922.)

*(Syllabus by Editorial Staff.)*

**1. Larceny ⬳43—Evidence of army service during war inadmissible to prove honesty.**

Evidence that accused had served in the late war, had gone overseas, and had been honorably discharged, is not admissible in a prosecution for larceny for the purpose of proving the honesty of accused.

**2. Criminal law ⬳683(1)—Testimony by state's witness contradicting statement of defendant is admissible in rebuttal.**

After accused had closed their evidence, it was proper to admit in rebuttal testimony by a witness for the state contradicting a statement by one of the defendants.

Appeal from Fifteenth Judicial District Court, Parish of Beauregard; T. F. Porter, Jr., Judge.

John Reeves and Lige Goss were convicted of larceny of 16 sheep, and they appeal. Affirmed.

Elmer L. Stewart, of Minden, for appellants.

A. V. Coco, Atty. Gen., Griffin T. Hawkins, Jr., Dist. Atty., and Mark C. Pickrel, Asst. Dist. Atty., both of Lake Charles (T. S. Walmsley, of New Orleans, of counsel), for the State.

By Division A, composed of Chief Justice PROVOSTY and Justices OVERTON and LECHE.

LECHE, J. Defendants were indicted, tried, and convicted, for the larceny of 16 sheep. In this appeal they present as grounds for reversal three bills of exception.

[1] The first bill is to the refusal of the judge to permit Goss to testify that he had served in the late war, had gone overseas, and had been honorably discharged. Such testimony was clearly irrelevant to prove the honesty of defendant, the purpose for which it was offered. Men who volunteered or were drafted into the army and served their country are entitled to credit for their patriotic action, but proof of such service is irrelevant to show character for personal honesty.

[2] The second bill is to a ruling of the trial judge in permitting a witness for the state, after the accused had closed their evidence, to contradict a statement by defendant, Reeves, while on the stand as a witness. This evidence was in rebuttal and clearly admissible.

The third bill is to the refusal of the judge to grant a new trial to the accused. The ground alleged for the new trial was that the state had failed to prove the venue. This is a question of fact which the trial judge in his per curiam says was abundantly proved. We find no error in the judge's ruling.

The verdict and judgment appealed from are affirmed.