CITY OF JACKSON *et al.* v. WELCH *et al.*

(Division A. Sept. 22, 1924.)

[101 So. 361.  No. 24110.]

1. MUNICIPAL CORPORATIONS. *Abutting owners may not complain of closing of another street.*

   Owners of property abutting on certain street, from and by which they have adequate access to their property, which access is not destroyed by closing of another street intersecting first street and ending at such property, cannot complain of closing of such other street.

2. MUNICIPAL CORPORATIONS. *Abutting owner cannot complain of closing of street unless he has special easement for access purposes.*

   Abutting owner cannot complain of abandonment or closing of street unless he has special easement in use of such street in connection with his property for access purposes.

3. JUDGMENT. *Judgment adjudicating ownership of land comprising street held res judicata in subsequent suit to prevent closing of street.*

   Judgment in action between city and private parties adjudicating title in land comprising certain street to be in such parties, *held*

*res judicata* in subsequent action between same parties in which city sought to prevent closing of such street.

APPEAL from chancery court of Hinds county.

HON. V. J. STRICKER, Chancellor.

Suit by the Morrisons against city of Jackson, C. Welch and others, in which the city of Jackson filed cross-bill against other defendants. Demurrer of defendants Welch and others to original complaint was sustained and the city of Jackson's bill was dismissed, and the city of Jackson appeals. Affirmed.

*H. Chalmers Alexander* and *J. H. Brumby,* for appellant.

What is meant by abutting property? If the property of the Morrisons, wherein Elizabeth Morrison, a minor, has undivided interest, abuts on or is concerned in the user and welfare of Short street, then the learned court below incorrectly dismissed the bill. In the case of Congress street running southward from Fortification street down to the New Capitol property, where does Congress street stop in so far as the northern portion of the New Capitol grounds is concerned? Does not Congress street come on southward into the territory and area of High street (which runs east and west) and stop only at the sidewalk curb, bounding the northern portion of the Capitol grounds? Does the mere fact that we say that one must cross High street in coming southward along Congress street to reach the Capitol grounds, preclude the idea that in crossing, one is yet still also in the area of Congress street? If a decree went forth that High street should be closed, but North Congress street be left open would not the area of Congress street all the way up to the northern curb of the Capitol grounds yet remain open? Have not the Capitol grounds an interest, so to speak, in the keeping

open of Congress street all the way to the very curb of the Capitol grounds?

Short street connects Capitol and Pearl streets. The Morrison property is on the southern side of Pearl street, and one standing at the eastern end of the property can look northward up Short street. Now, where is the southern end of Short street? Does Short street come merely southward until it touches the northern boundary of the eastward flowing Pearl street? Why say that the area where the two streets superimpose is exclusively the area of one street instead of the area of the other street? There are a score or more of streets coming into other streets but not going on further, but instead, making the union like the middle part or horizontal connecting part of the English capital letter "H," or like the section of the two parts of the capital letter "T." And one cannot say that the area where they impose is the area of one rather than the area of the other. Where the railroad track of the I. C. R. R. crosses the railroad track of the A. & V. R. R., can one stand there and say that this is property of the one railroad and not of the other? Remove one railroad track and the crossing disappears, but not the other railroad track. It remains. Likewise, remove Pearl street, for argument, obliterate it, or close it, but let Short street remain; and it certainly follows that one who walks along Short street should have the right while still in Short street to go right up to the curb of the Morrison property. The learned court below stated definitely that the Morrison property did not abut on Short street, hence that Elizabeth Morrison was not a necessary party to the proceedings had in the Welch suit wherein the court had adjudicated the non-existence of Short street, hence that she and her mother and brother had no interest and have no interest in law in either the closing or the keeping open of Short street. See *Clinton* v. *Turner*, 95 Miss. 597; *Jackson* v. *Monroe County*, 81 So. 788, 120 Miss. 125.

136 Miss.—15.

In conclusion it is our view that as the official records of Hinds county, bearing the antiquity of over thirty years with the legal presumption thereto pertaining, show that Short street has existed for many years; and as the sworn bill of complaint shows the Morrisons and especially the minor, Elizabeth Morrison, to own valuable real property injured by the closing of Short street; and as the court has never rendered any decision in any case pertaining to Short street or its existence or non-existence, in which Elizabeth Morrison is a party; and as Elizabeth Morrison has done nothing to estop herself from the exercise of her right to a day in court and trial on the merits; the learned court below passed beyond its judicial authority in dismissing the bill of complaint without a hearing on the merits. And the fact that in another suit (the Welch suit) wherein the city of Jackson was made a party there was a hearing on the merits, and a decision that this street, platted on the city maps of over fifty years antiquity, referred to as a boundary in the recorded deed shown in many a musty old land deed record of the county, referred to in the establishment of the very lots in the city now held by appellees, is nevertheless yet held by the learned court below never to have existed, certainly cannot now, on the direct application of Elizabeth Morrison as an applicant for hearing in the very court in which she is a minor ward, preclude Elizabeth Morrison from the presentation of her rights and the hearing by the court of her prayer for redress. All proceedings in the Welch case were, as to her, *res inter alios acta.* This court will not hold that she has been decided against in court before she has ever gotten into court. *Pugh* v. *Hoe,* 27 Miss. 461; *Pipscomb* v. *Postell,* 38 Miss. 476, 77 Am. Dec. 651.

If the appellants have no rights, this should be decided upon the merits of their bill of complaint, and not upon the merits of another and prior suit with which they have no concern and of which, while it was pending, they were totally ignorant.

*Green, Green, & Potter,* also for appellant.

By section 5833, Hemingway's Code, it is declared: "To close and vacate any street, or alley, or any portion thereof.—But no street or alley or any portion thereof shall be closed or vacated except upon due compensation being first made to the abutting landowners upon such street or alley for all damages sustained thereby."

This section was discussed in *Laurel* v. *Rowell,* 84 Miss. 435; *Poythress* v. *Railroad Company,* 92 Miss. 638; *Alabama & Vicksburg, etc.,* v. *Turner,* 95 Miss. 594. The Turner case was approved by the court in *Fitzhugh* v. *Jackson,* 97 So. 192. See, also, *Polk* v. *Hattiesburg,* 69 So. 676; *Morris* v. *Black,* 80 So. 338; *Jackson* v. *Monroe County,* 120 Miss. 125, 81 So. 788.

Short street extends up to the property line of complainant. There is an intersection at Pearl and Short, but Pearl street can no more destroy Short street than Short street can destroy Pearl street. There is an intersection just as completely as though Pearl street were closed in its entirety. The sole right of egress would be in Short street and so if Short street were closed, the sole right of egress would be in Pearl street. A corner is always more valuable than an interior lot and where, as here, the property stands at the head of the street access to the property over that street is of inestimable value. In addition, a driver of an automobile at street intersections must recognize the right of the public to come from both ways. *Ulmer* v. *Pistole,* 115 Miss. 485, 76 So. 522; *Pearman* v. *Wiggins,* 103 Miss. 4, 60 So. 1; *Covington County* v. *Collins* 45 So. 854; *Shoemaker* v. *Coleman,* 94 Miss. 619; *Coleman* v. *Holden,* 88 Miss. 798, 41 So. 374.

It thus appears that being situated with reference to this street precisely as is appellant, he was held to be such abutting owner as might maintain a bill to enjoin the obstruction thereof which is now being committed by appellees. The right to open a public street is laid

down in *Meridian* v. *Poole*, 88 Miss. 115; *Canton Warehouse Co.* v. *Potts*, 69 Miss. 31.

It will thus be seen that the appellant had as much right to Short street terminating at their property line with a street intersection as did the appellee Potts in Franklin street, and though the obstruction was not strictly in front of her property, yet it was held that she had a right to file a bill and abate the nuisance because it was such: namely, the unlawful stopping of a public street. See, too, *Sanford* v. *Meridian*, 52 Miss. 390; *Rowzee* v. *Pierce*, 75 Miss. 856, *Jones* v. *Jackson*, 104 Miss. 449, 476; *Light, etc.,* v. *Montgomery*, 85 Miss. 312; *Kinnare* v. *Gregory*, 55 Miss. 621; *Caldwell* v *George*, 96 Miss. 485.; *Lexington* v. *Hoskins*, 96 Miss. 167.

That which appellee in this case must sustain is the admitted fact that Short street is a street; that it lies, as averred, and so lying, is being obstructed by appellees. As pointed out by *Parker* v. *Southern Railroad Company*, 71 So. 913, where any person blocks a street and excludes another therefrom, thereby actionable wrong arises. See *Ex Parte Lange*, 18 Wall. 163, 21 L. Ed. 873. A case directly in point is that of *Bigelow* v. *Forrest*, 9 Wall. 339, 76 U. S. XIX, 696.

The city of Jackson was defendant in a prior suit which involved the rights in Short street. That case was decided but recently. Since that decision, the city, in common with the other appellants, has made investigations and found that which the appellees have admitted, in this cause must be admitted and which, if admitted, would have caused a reversal of the prior decision.

*Howie & Howie,* for appellees.

In order to win this case, the appellants must show to the court that the Morrison property abuts on so-called Short street, which, as shown, cannot extend south of the north line of Pearl street. We respectfully call the court's attention to the error contained in the brief

for the city of Jackson where they say that the Morrison property adjoins our property and the strip of ground in controversy on the south of the same. By reference to the plat, you will see that the property in controversy is on the north side of Pearl street and the property under which they claim, described the same as being bounded on the north by the south boundary line of Pearl street. They desire now to stretch their boundary line across to the north side of Pearl street or extend the property on the north side of Pearl street across to theirs on the south side.

Under our law, property owners along a street are required to pay for the paving of the street which abuts their property. This rule has always been construed to mean the property directly in front and adjoining the lots of property owners. If counsel for appellants are correct then any one owning property situated as their property is in this case, and a street situated as this strip of ground is, should be paved, they would have to pay one-third of the paving for the entire length of the street and if it ran twenty blocks to the north they would, under their contention, have to pay for one-third of the paving for the whole twenty blocks, because according to their present contention their property abuts on this so-called street.

Let us consider the case of the Morrisons from the common sense standpoint. If the Morrisons are abutting property owners to the so-called Short street, then the people who owned the property to the north end thereof on the north side of Capitol street are also abutting property owners and if these are both abutting property owners, then every person having a lot on the south side of Pearl street from east end thereof to the west end thereof and every person having a lot on the north side of Capitol street from the east end thereof to the west end thereof are also abutting property owners. In other words, when any action in law had to be taken with reference to a street every property owner on the opposite

side of the streets which it might cross would have to be made parties defendant. If this be true, then this suit could not stand in this case because the complainants herein have wholly failed to make the people who own the property on Capitol street, on the north of this strip, or any other of the many parties who are equally entitled to be made parties the same as they are, parties to this suit, so there would be a misjoinder of parties.

Counsel for appellants would have the court understand that all of the above cases are similar to the present case. The fact is that not a single case in the whole catalogue and multiplicity of citations cited by appellants are similar to the present case. They cite a long list of cases deciding almost every kind of proposition except the one here involved. There is not a single case referred to in their brief in which the property of the complainant was located with reference to the property in controversy as it is in this case. We were expecting counsel to cite some authority giving an accurate meaning of abutting. The very heart of their case depends upon the phrase "abutting property owners." Let us see what "abutting" means. See 1 Words and Phrases, pages 50-51; *Park Commissioners* v. *Chicago, B. & Q. R. Co.*, 107 Ill. 107-8; *Holt* v. *City of E. St. Louis*, 150 Ill. 531.

One thing peculiar to the present case, however, which still further eliminates all possibility of the so-called Short street crossing over Pearl street is, first: That whatever rights there may have arisen establishing it as a street arose after Pearl street had been thoroughly established and such rights as were established on this strip of ground were only established by user for the purpose of connecting, not the south boundary line of Pearl street but the north boundary line of Pearl street with the south boundary line of Capitol street; and, second, because this so-called street only extends across one block so does not cross any street.

We respectfully submit, therefore, that the complainants are not abutting property owners to the strip of ground in question and, in fact, did not abut on the alleged street as shown by the pleadings herein referred to and so cannot maintain this suit. As to the city of Jackson, we submit the plea of *res adjudicata* must stand both because their crossbill involves the identical case which was previously adjudicated and for the further reason that regardless of whether it does or not they have had their day in court and cannot be held to question the binding effect of the former decree.

*Cassedy & Potter,* also for appellees.

The question to be determined in this case, and we think the sole question, is whether or not because of the situation of their property, the Morrisons were indispensable parties to the original suit. If they were indispensable parties not having had their day in court, they can maintain their suit. On the other hand, if they were not indispensable parties, they have no right to sue.

It is alleged in the bill of complaint that the Morrisons are abutting property owners, within the meaning of the law, on said street. There is simply an allegation in the bill of complaint that by closing the street they will be placed in a *cul de sac,* and that they are abutting owners on the street.

Appellants base their contention that their property abuts on Short street on the theory that Short street does not end at the north line of Pearl street, but that said Short street crosses over Pearl street to the south line thereof. It occurs to us that the question as to whether the so-called Short street ended at the north line of Pearl street, or crossed over to the south line of Pearl street, is too refined and too academic upon which to base a practical argument.

If the proceeding brought by C. Welch to close the street, or if the municipality, acting under the authority

given it by the legislature, had proceeded to close the so-called street, the appellants would have been necessary parties. But we think it clear that even if Short street crosses over to the south side of Pearl street, that nevertheless appellants' property does not abut on that portion of the alleged Short street which is closed, for that portion of said street between the north and south sides of Pearl street, and upon which appellants' property abuts, is still open and in use as a public highway. *Poythress* v. *M. & O. R. R. Co.*, 92 Miss 638, 46 So. 139.

In order for the appellants to be · necessary parties to a suit involving the title of the street, the rule is that their damages must be special, peculiar and direct. If the damages are general and indirect, even if greater in degree than that suffered by others of the municipality at large, no right of relief exists. ·

A very splendid discussion of this question is found in the case of *Cram* v. *Laconia*, 71 N. H. 41, 51 Atl. 635, 57 L. R. A. 282. If Short street were a street and the Morrisons' property has suffered damages and its property value on that account has been lessened, as alleged in the bill of complaint, the difference between the damages to the property of the Morrisons and the damages to the general public, is a difference in degree and not in kind. Every portion of the Morrisons' property is still accessible by a public thoroughfare, viz: Pearl street, on which it abuts—not on Short street, as alleged in the bill. And the great weight of authorities is to the effect that merely because the property owner is caused to travel a more circuitous route that his damages are not special, peculiar, and direct, even though differing. in degree from the damages which are suffered by the general public. ʼ

There was no more reason to make the Morrisons parties to the case at bar than to have made all the other property owners with property abutting on the South side of Pearl street parties thereto. They each and all have ingress and egress along one of the main thorough-

fares of the city of Jackson, viz:   Pearl street.   The title
to Short street, if it were a street, is in the city of Jackson.   *Donnaher* v. *State,* 8 S. &. M. (Miss.) 649; 1 Morris
State Cases, 374.

It was the title of the city of Jackson to the supposed Short street which was litigated in the suit of *C.
Welch* v. *City of Jackson,* 91 So. 403.   Every property
owner on that portion of the supposed Short street proposed to be closed was made a party defendant to that
suit and the question of the title to that property litigated in the chancery court of Hinds county, and the chancellor's finding was affirmed by this court sitting *en banc.*

The approved rule, the one recognized both by the
statutes and decisions in this state, is that a person's
property must be made so that it is not accessible to the
public street before his damages are special, peculiar,
and direct.

We most respectfully submit that under the Mississippi law the Morrisons were not necessary parties to
the suit which involved the title to the so-called Short
street.

Argued orally by *Garner W. Green* and *Chalmers
Alexander,* for appellants, and *Virgil Howie* and *L. M.
Burch,* for appellees.

HOLDEN, J., delivered the opinion of the court.

This is a chancery suit involving the question of closing what is termed "Short street," a strip of land
claimed by the complainants to be a street running north
and south between Capitol street and Pearl street, immediately west of the Illinois Central right of way in
Jackson, Miss.

The precise point involved is whether or not the complainants, who were the Morrisons in the original bill,
are such abutting owners on this alleged Short street
as would give them the right to prevent its abandonment
and closing by its different owners, Welch and others,

appellees. The original complainants, the Morrisons, own the property abutting on the south side of Pearl street, opposite the point where the said Short street intersects Pearl street and ends, and, by virtue of ownership of this abutting property on Pearl street, the Morrisons contend that they are thus abutting owners on Short street, and have the right to prohibit the closing of Short street.

The city of Jackson, being made a defendant in the original bill, answered and confessed the right of the Morrisons to prevent the closing of the street, and also filed a cross-bill against Welch and the other owners of the land comprising Short street, praying that this street be left open for the public use. The appellees, Welch and others, pleaded to the cross-complainants' bill, and set up the fact that the question of the ownership of the land comprising Short street had been adjudicated, and the title decreed in Welch and others in a former suit brought against the city of Jackson by Welch and others, in which the court decreed there was no such public street as Short street, and that the title to the land comprising Short street was clearly in Welch and others; and upon this plea of *res judicata,* and the suggestion of *stare decisis,* the lower court in the present case dismissed the cross-complainants' bill; whereupon the city of Jackson appeals now, which accounts for this case being styled *City of Jackson* v. *Welch et al.*

In the case before us Welch and others demurred to the original complaint of the Morrisons, which demurrer was sustained by the chancellor, and it seems the whole case is now on appeal before us.

The demurrer of the appellees Welch and others presented several grounds for dismissal of the bill, but we shall discuss only one, because we assume the chancellor sustained the demurrer upon this ground namely, that the Morrisons are not such abutting owners, if they are in fact abutting owners, on Short street, as would legally

entitle them to prohibit the closing of Short street as against the appellees who own in fee simple the land comprising the alleged street. So, then, the main question presented for decision is whether or not the Morrisons are abutting owners on Short street, and have such a special interest in the use of that street as would warrant them in asking the courts to interfere with its closing.

It is our opinion the Morrisons have no legal right to complain against the closing of this so-called Short street. Their property lying on the south side of Pearl street abuts on Pearl street, from and by which street they have adequate access to their property, which access is not destroyed by the closing of Short street, lying wholly north of Pearl street. We shall concede for the purposes of discussion, though not deciding that the property of the Morrisons abutting on the south side of Pearl street is property also abutting on Short street, since it is at the point on the south side of Pearl street where Short street enters Pearl street from the north, yet the abutting ownership is not such as gives the owners the right to complain about the closing of Short street, because the Morrisons own no property abutting on the closed portion of Short street. That portion of Short street extending across Pearl street southwardly to and abruptly against the Morrison property (if, indeed, it can be said that Short street does extend across Pearl street) is not closed, but remains open giving full access, ingress, and egress to the Morrison property on Pearl street.

And, further, the Morrisons are not such abutting owners on Short street as gives them a special user for access purposes to their property as would specially damage them if it is closed up, but the injury they would suffer on account of closing the street is such damage as would be shared in by all of the public, which is a general interest or common easement, the deprivation of which

would be suffered by the general public along with the Morrisons, and therefore the Morrisons cannot, as one of the general public, complain against the closing of the street.

In order for a landowner to have a just complaint against the abandonment or closing of an abutting street, he must have a special easement in the use of the street in connection with his property for access purposes; that is, he must be specially damaged in connection with an outlet and inlet to his property, otherwise he has no more interest in the street than that enjoyed by the general public for travel, and cannot prevent its closing by the owners or the public authorities. *Poythress* v. *Railroad Co.,* 92 Miss. 638, 46 So. 139; 29 C. J. p. 547.

The underlying principle, as we understand it, which gives the abutting owner the right to keep the street open, is based upon the theory that he has a special easement or right of user in the street, other than that enjoyed as one of the general public, in connection with access to his property; and that when you close the street and prevent egress and ingress to and from his property you specially damage him; and this can be done only by public authorities upon due compensation being paid to cover the special damages suffered by depreciation of the value of his property. *Morris* v. *Covington County,* 118 Miss. 875, 80 So. 337; *City of Laurel* v. *Rowell,* 84 Miss. 435, 36 So. 543; *Clinton* v. *Turner,* 95 Miss. 594, 52 So. 261; 13 R. C. L., section 125; 29 C. J., section 263, p. 547.

As we have pointed out above, the Morrisons have no special interest in the use of Short street for access purposes to their property, because they border on Pearl street, a prominent thoroughfare now open, and which was in existence before the alleged Short street was known. Therefore the closing of the street does not deprive them of reasonable and adequate access to their property, and, as said in the *Poythress Case,* 92 Miss. 638, 46 So. 139:

"Poythress [Morrison] is not an abutting landowner upon this street, entitling him to have compensation first made to him before the closing of the street, ' . . . as he owns no property abutting the closed portion."

Hence we respectfully repeat that, if the Morrisons are in fact abutting owners on Short street, still they have no complaint on account of its closing because they do not abut on that portion of the street which was closed.

Now as to the cross-bill filed by the city of Jackson, we think it very clear that the bill is nothing more than an effort to reopen and relitigate the question of the ownership of the land comprising Short street, which was decided in favor of Welch and others, appellees, in 1922, appealed to this court, and affirmed. The questions presented by the cross-complainant, the city of Jackson, are *res judicata,* and the chancellor was correct in so holding. See *City of Jackson* v. *C. Welch* (Miss.), 91 So. 403.

We therefore conclude that, since the Morrisons had no such interest as an abutting owner on Short street as would give them the right to maintain this suit, and the city of Jackson having already been concluded by the former litigation, we think the decree of the lower court should be affirmed.

                                           *Affirmed.*