TOWN OF WESSON *v.* SWINNEY.*

(Division B. Nov. 22, 1926. Suggestion of Error Overruled Jan. 3, 1927.)

[110 So. 669.  No. 25944.]

EMINENT DOMAIN. *Landowner held not entitled to compensation for closing of street which did not abut his land (Hemingway's Code, section 5833; Constitution, section 17).*

Under Code 1906, section 3336 (Hemingway's Code, section 5833), enacted under authority of Constitution, section 17, landowner *held* not entitled to compensation for closing of street which did not abut on his land, although result was that large part of traveling public theretofore passing along street in front of his

lot on which he maintaned mercantile establishment was divert-
ed therefrom.

*Corpus Juris-Cyc. References: Eminent Domain, 20 C. J., p. 702 n.
4.

APPEAL from circuit court of Copiah county.

HON. E. J. SIMMONS, Judge.

Action by H. Swinney, Sr., against the town of Wesson.
Judgment for plaintiff, and defendant appeals. Re-
versed and judgment rendered.

*Wilson & Henley,* for appellant.

The subject-matter of this litigation is a grade cross-
ing where the highway in the southern part of the town
of Wesson, Mississippi, crosses the right-of-way of the
Illinois Central Railroad Company at what is known as
the Garner-Swinney Crossing. The testimony through-
out the record demonstrates that the only damages suf-
fered by appellee due to the crossing being closed at the
point where it crossed the railroad track was caused
solely by the diversion of traffic over the overhead bridge,
which affected appellee's mercantile business to some
extent and, by the further fact that appellee is required
to go a more circuitous route in reaching certain points.
Access for ingress and egress purposes to appellee's
property has not been interfered with nor impaired in
any manner whatsoever.

I.   Swinney is not an abutting property owner. This
case is controlled by *Poythress* v. *M. & O. R. R. Co.,* 92
Miss. 638; and *City of Jackson* v. *Welch,* 136 Miss. 223.
See also *Cram* v. *City of Laconia,* 57 L. R. A. 282.

II.   No damages are recoverable. The burden was
on complainant to prove every necessary element of his
case by a preponderance of the evidence; and when the
testimony is carefully considered, it appears that he did

not prove any damages except to his business and except such as was caused by the diversion of traffic from in front of his place of business. This matter was thoroughly and carefully considered in *Cram* v. *Laconia, supra.* See also the following cases, holding that damages such as are claimed by Swinney in this case are *damnum absque injuria.* *Bull* v. *Fort Street Union Depot Co.,* 23 L. R. A. 392; *Davis* v. *Hampshire County,* 11 L. R. A. 750; *Dantzer* v. *Indianapolis Union Ry. Co.,* 34 L. R. A. 769.

The most favorable cases that have been decided anywhere on this question hold that depreciation in the market value of property, due solely to diversion of travel, loss of trade, or inconvenience in going a more circuitous route is not recoverable.

*McNeil & Jones* and *P. Z. Jones,* for appellee.

The property of appellee was damaged and under section 17, Constitution of 1890, private property may not be taken nor damaged without compensation being made.

*Poythress* v. *M. & O. R. R. Co.,* 92 Miss. 638, relied upon by appellant, recognizes this rule. That case was for an injunction to restrain the closing of the street and the court held that if the property owner has sustained special damage, the plaintiff would have his right of action in the proper suit.

It is immaterial as to why the closing of the crossing was necessary. If the property was thereby damaged, the appellee is entitled to be and should be compensated. We rely upon *Town of Clinton* v. *Turner,* 95 Miss. 594, to show that appellee was an abutting property owner.

Both law and evidence fully warrant this verdict, which should have been for a much larger amount.

Argued orally by *W. S. Henley,* for appellant, and *P. Z. Jones,* for appellee.

ANDERSON, J., delivered the opinion of the court.

Appellee, H, Swinney, Sr., brought this action in the circuit court of Copiah county, against appellant, town of Wesson, to recover alleged damages to his property caused by appellant closing one of its streets. There was a verdict and judgment in favor of appellee for one hundred dollars from which judgment appellant prosecutes this appeal.

Appellee's action was based on section 17 of the Constitution, which prohibits the taking or damaging of private property for public use except on due compensation being made to the owner.; and section 3336, Code of 1906 (section 5833, Hemingway's Code), which authorizes a municipality to close streets and alleys, but providing that due compensation shall first be made to abutting landowners upon such streets and alleys. The Illinois Central Railroad runs in a northerly and southerly direction through the town of Wesson, the appellant. Appellee owns a lot in a block situated on the east side of the railroad. Appellee's property abuts a street on the west. This street runs north and south, and on the west side of appellee's lot, and adjoins the right of way of the railroad. The block in which appellee's lot is situated is bounded on all four sides by streets, and appellee's lot abuts on three of these streets, the one on the west, the one on the south, and the one on the east. There was a street coming from the west through the town, which was one of its main thoroughfares, crossing the railroad at a point about one hundred feet northeast of the northeast corner of appellee's lot. This street entered the north and south street on the west side of appellee's lot. A large part of the travel on this street coming from the west went south on the street bordering appellee's lot on the west, and a large part of the travel going north on the latter street to the railroad crossing passed appellee's lot. He had a mercantile establishment on his lot. The frequency of the travel on the street west of

his lot brought trade to appellee's store.   The municipal authorities of the town closed the street coming from the west to the point where it crossed the railroad and entered the north and south street west of appellee's lot, and substituted for that railroad crossing another on a street several hundred feet in a southerly direction from appellee's lot.   The result was that a large part of the traveling public which had theretofore passed along the street in front of appellee's lot on the west was diverted to the new street crossing.   It will be observed from this statement of the case that appellee's property does not abut on the closed street.   The closed street enters a street on which appellee's property does abut, but it enters it at a point something like one hundred feet northeast of the northeast corner of appellee's lot.

We think the question involved is ruled by *Poythress v. Railroad Co.*, 92 Miss. 638, 46 So. 139, and *City of Jackson* v. *Welch,* 136 Miss. 223, 101 So. 361.   It was held in those cases that only an abutting landowner on the closed street could recover damages to his property for the closing of the street; that the fact that the landowner's property abutted on a street which entered or intersected the closed street gave the landowner no right to recover for the closing of such street.   It is the convenient ingress and egress to and from his property which the municipality cannot interfere with by the closing of a street on which the landowner's property abuts without making due compensation therefor.   The statute (section 3336, Code of 1906 [section 5833, Hemingway's Code]) expressly confines the right to compensation for the closing of streets and alleys in a municipality to ''abutting landowners upon such streets or alleys.''   A landowner complaining at the closing of a street or alley must suffer especial damage over and above that of the landowners generally of the municipality.   The statute undertakes to define those landowners who may suffer such special damages.   It is only those who are ''abutting landowners.''   We are of the opinion that the

statute in its language and purpose carries out the inhibition of section 17 of the Constitution, which provides that private property shall not be taken or damaged for public use, except upon due compensation being made to the owner. To construe the Constitution and statute as extending to others than abutting landowners would go too largely into the field of speculation. It would be too illusory and unsubstantial an undertaking to show that any particular landowner, or class of landowners, other than an abutting owner, was damaged above the other landowners of the municipality because of the closing of a street. *Town of Clinton* v. *Turner,* 95 Miss. 594, 52 So. 261, does not hold to the contrary. The street involved in that case was one continuous street, the south end going under one name and the north end under another, and the plaintiff's property abutted on this street. We hold, therefore, that it is only the landowner whose property abuts on the closed street who may recover damages to his property for the closing of such street.

It follows from these facts that the court should have granted appellant's request for a directed verdict.

*Reversed, and judgment here for appellant.*