358 So.2d 1307 (1978)
MISSISSIPPI STATE HIGHWAY COMMISSION
v.
E.A. VAUGHEY, as general partner of Mississippi Valley Capital Company, a Mississippi limited partnership.
No. 50017.
Supreme Court of Mississippi.
May 3, 1978.
Rehearing Denied May 31, 1978.
Thomas, Price, Alston, Jones & Davis, John H. Price, Jr., A.F. Summer, Atty. Gen. by Frank E. Shanahan, Jr., Asst. Atty. Gen., Jackson, for appellant.
Watkins, Pyle, Ludlam, Winter & Stennis, L. Arnold Pyle, William A. Pyle, Jackson, for appellee.
Before SMITH, WALKER and COFER, JJ.
COFER, Justice, for the Court:
This cause has been appealed to this Court by the Mississippi State Highway Commission (Commission) from a judgment for $57,600 awarded by a jury in the Circuit Court of the First Judicial District of Hinds County in favor of E.A. Vaughey, as general partner of Mississippi Valley Capital Company, a Mississippi limited partnership *1308 (Vaughey), as damages to appellee's realty suffered by the closing of a portion of the west frontage road between McDowell Road and Daniel Lake Boulevard, fronting upon I-55 South in the City of Jackson.
In the early 1960's, Commission located and built the frontage road here involved. About 1965, it executed plans to construct an "on-ramp" from McDowell to the southbound lane of I-55 highway, and, to do so, it determined that a segment of the west frontage road from the south boundary of McDowell southward approximately 800 feet long would have to be utilized therefor and discontinued as a frontage road. The precise date of the discontinuance of the segment as a public road is not clear, but it was in 1965. It was stipulated that the closing of it was more than six, but less than ten years before Vaughey brought this suit. In the place of the discontinued segment of the frontage road, Commission converted Kingswood Avenue into a frontage road, which is well marked as such by signs and is easily recognizable as such. Kingswood connects with McDowell approximately 160 feet west of the former intersection of the frontage road therewith, and causes travel 1,200 feet along Kingswood as compared to 1,000 feet along the removed segment of the frontage road.
Vaughey's property, at its northernmost point, is 800 feet south of the barricade on the frontage road routing traffic onto Kingswood. His property nowhere abuts on the closed portion of the frontage road.
Alleging that this action of the Commission damaged a valuable property right he had as owner of the said property, he brought this action. Both parties treated the recovery, if any, to which Vaughey was entitled as being the difference in the value of the land immediately before the taking and its value immediately after the taking, and experts' proof was aimed at this determination.
Commission incorporated in its answer a plea in bar, asserting that statutes of limitation, Mississippi Code Annotated, Sections 15-1-49 and 65-1-59 (1972), bar Vaughey's action. This plea was overruled, and the cause proceeded to trial.
On this appeal, Commission has assigned numerous errors of which only three  the court's action on the plea in bar next above mentioned, the court's error in overruling its requested peremptory instruction, and the court's failure to grant judgment to Commission notwithstanding the verdict  are necessary to be considered, and they, or either of them, will dispose of the appeal.
Vaughey contends that the adverse possession statute, Section 15-1-13, governs, and that he is not barred from his suit.
In Louisiana & Mississippi Railroad Transfer Co. v. Long, 159 Miss. 654, 131 So. 84 (1930), appellants had for a long period of time used land of appellee abutting on the Yazoo Canal or Yazoo River, for mooring their boats by means of cables attached to trees on appellee's land. The suit sought judgment for the rental value of appellant's said use and occupancy of his land for a period of ten years before filing the suit. The court gave a six-year instruction, and on appeal it was held that the right of action was not barred until the expiration of six years from the date of its accrual. 159 Miss. at 667, 131 So. at 88.
While we do not believe Mississippi Code Annotated, Section 65-1-49 (1972), included in Commission's plea in bar, is applicable here, it is noted that that statute fixed a maximum six-year limitation on actions by persons having an interest in lands on which easements are given for highway purposes.
This is not a situation where length of time, ten years or six years, was necessary in order for a cause of action to accrue to Vaughey. The action, if any, accrued at the very time of the closing of the segment of the road, no passage of time was necessary before suit might be brought, and the statute applicable to the action then began to run. Mississippi Code Annotated, Section 15-1-51 (1972).
This being true, if a cause of action lay, there is no sound reason why Commission should be left in suspense during an entire ten year period awaiting action against it for the closing.
*1309 We cannot agree that the adverse possession statute governs, but we conclude that Section 15-1-49 controls, and the action had become barred before it was begun. Romano v. Yazoo & M.V.R.R., 87 Miss. 721, 726, 40 So. 150 (1905).
Although we dispose of the case on the basis of the plea in bar, we notice and are of the opinion that the peremptory instruction requested by Commission should have been granted.
Full jurisdiction of this I-55 highway and its frontage roads is vested in Commission. Mississippi Code Annotated, Section 65-1-19 (1972), as amended, and Section 65-1-1, et seq. Under this authority, it may establish, relocate, or abandon frontage roads. If it chooses to establish such a road, we do not understand that it binds itself to cause such a road to be contiguous to and parallel with I-55, or not to alter the route of it, as appears to it advantageous to the ever increasing traveling public.
See Muse v. Mississippi State Highway Commission, 233 Miss. 694, 103 So.2d 839 (1958), wherein it is said:
It is undoubtedly true that the abutting landowner on a conventional public highway has a special right of access and user in the highway; and that right is a property right which cannot be damaged or taken from him without due compensation. The right of access is appurtenant to his land, and to destroy that right is to damage his property. Morris v. Covington County, 118 Miss. 875, 80 So. 337; Jackson v. Monroe County, 124 Miss. 264, 86 So. 769; City of Jackson v. Welch, 136 Miss. 223, 101 So. 361; Town of Clinton v. Turner, 95 Miss. 594, 52 So. 261; Smith v. Mississippi State Highway Commission, 183 Miss. 741, 184 So. 814; Puyper v. Pure Oil Co., 215 Miss. 121, 60 So.2d 569; Hamilton v. Mississippi State Highway Commission, 220 Miss. 340, 70 So.2d 856. But there is also a coexistent right belonging to the public, to use and improve the highway for the purpose of travel; and the owner of the abutting land has no absolute right, as against the public, to insist that the adjacent highway always remain available for his use in the same manner and to the same extent as when it was constructed. Land condemned for highway purposes without limitation as to surface use is at all times under the control of the highway authorities, which may make such use of the land as may be required; and the abutting landowner's right of access and user are subject to the right of the state under the police power to regulate and control the traffic on the highway in the interest of safety, and to restrict in a reasonable manner entrances from abutting property.
(233 Miss. at 713-14, 103 So.2d at 847).
See also Harreld v. Mississippi State Highway Commission, 234 Miss. 1, 103 So.2d 852 (1958).
Vaughey is not an abutting owner on the segment taken out of use, but his property, fronting on the portion still in use, extends far toward the frontage road's exit near Daniel Lake Boulevard which remains open. Also, the property has convenient access to McDowell by way of Kingswood Avenue. The exhibits reflect Greenwood Street as passing through the property, and this street affords direct access to Daniel Lake Boulevard on the south and McDowell Road on the north.
Mississippi State Highway Commission v. Burge, 239 So.2d 914 (Miss. 1970), involved the closing of a street just east of appellee's property, but appellees had continued access to a street on the north side of their property, by traveling over 800 additional feet to reach the highway. It was there said:
With the access road in front of their property, appellees still have reasonable access to the general system of streets and roads in the community, and thus cannot claim damages in that respect. (239 So.2d at 915).
Puyper v. Pure Oil Company, 215 Miss. 121, 60 So.2d 569 (1952), involved the closing of a portion of a street. The chancellor held: that complainants were not abutting property owners entitling them to compensation for the street closing; that they had *1310 no special interest in the use of the vacated street for access purposes to their property because their property did not abut on that portion of the street which was closed; that they had sufficient and adequate access to and from their property; and, that they sustained no special damage by the street closing not shared by the general public.
We said on appeal of the case:
The general rule is that one whose property does not abut on the closed section of a street has no right to compensation for the closing or vacation of the street, if he still has reasonable access to the general system of streets. The circumstances in some cases may be such as to give a right to damages to property owner, even though his property does not abut on the closed section. But to warrant recovery in any such case the property owner must show that the situation is such that he has sustained special damages differing in kind, and not merely in degree, from those sustained by the public generally. 18 Am.Jr., p. 856, Eminent Domain, par. 224. (Emphasis added)
In the case of Tomaszewski et al. v. Palmer Bee Company et al., 223 Mich. 565, 194 N.W. 571, 572, the Court held that mere inconvenience to owners of property abutting on a street but not on a closed section, in having to go around instead of through the adjacent block, when proceeding in that direction, does not constitute a taking of property. In that case the Court said: "It is a well-settled rule that a lot owner's right to object to the vacation of a part of a street depends upon whether his lot abuts upon or comes in actual contact with the vacated portion, or access to his lot is entirely or materially cut off by reason of the vacation. That he may be inconvenienced or that he may have to go a more roundabout way to reach certain points does not bring to him any injury different in kind from the general public, but only in degree. If means of ingress and egress are not cut off or lessened in the block of the abutting owner, but only rendered less convenient because of being less direct to other points in the city, and made so by the vacation of the street in another block, such consequence is damnum absque injuria. Buhl v. Union Depot Co., 98 Mich. 596, 57 N.W. 829, 23 L.R.A. 392. See also, Baudistel v. Michigan Central Railroad Company, 113 Mich. 687, 71 N.W. 1114; [John K. Cummings] Realty & Investment Co. v. Deere & Co., 208 Mo. 66, 106 S.W. 496, 14 L.R.A., N.S., 822; Kinnear Mfg. Co. v. Beatty, 65 Ohio St. 264, 62 N.E. 341, 87 Am.St.Rep. 600; McQuillin Mun. Corp., Vol. 3, par. 1410; Elliott, Roads & Streets (3rd Ed.), par. 1181.
(215 Miss. at 135, 135, 60 So.2d at 573.)
In Town of Wesson v. Swinney, 144 Miss. 867, 110 So. 669 (1927), the landowner did not abut on the closed segment of the street and we held that this damage was no different in kind from the property owners generally in the town, although he, the appellee, had a mercantile establishment on his lot, to which store the frequency of the travel on the street west of his lot brought trade, and the result of the closing of the street "was that a large part of the traveling public which had theretofore passed along the street in front of appellee's lot on the west was diverted to the new street crossing." 144 Miss. at 871, 110 So. at 669.
In Mississippi State Highway Commission v. Irby, 190 So.2d 445 (Miss. 1966), it was held that:
The general rule is that one whose property does not abut on the closed section of a street or road has no right to compensation for the closing or vacating of the street or road, if he still has reasonable access to the general system of streets or roads. Puyper v. Pure Oil Co., 215 Miss. 121, 60 So.2d 569 (1952). There are certain exceptions to the rule just stated. If the action of the public authorities in closing a street leaves property in a cul de sac, the owner is entitled to compensation. Mississippi State Highway Commn. v. Fleming, 248 Miss. 187, 157 So.2d 792 (1963). If a public road starts at a tract of land and connects the tract with the public road system, the closing of such *1311 public road between the tract of land and the public road system entitled the landowner to damages because he is deprived of the right of access to his land by the closing of a public road. Mississippi State Highway Comm. v. Myers, 184 So.2d 409 (Miss. 1966).
(190 So.2d at 447).
We find no damage accrued to Vaughey differing from that suffered by the public generally, and that the peremptory instruction should have been granted, and, not having been granted, the commission's request for judgment notwithstanding the verdict should have been sustained.
We therefore reverse the cause with judgment here for the Commission.
REVERSED AND RENDERED.
PATTERSON, C.J., SMITH, P.J., ROBERTSON, P.J., and SUGG, WALKER, BROOM and LEE, JJ., concur.
BOWLING, J., took no part.