CITY OF KOSCIUSKO *v.* NO EQUAL TEXTILE CO.*

(Division B. May 11, 1925.)

[104 So. 102. No. 24953.]

1. LICENSES. *Ordinance requiring house to house salesmen to give bond for final delivery of goods or performance of services not within police power.*

Section 3329, Code of 1906 (section 5826, Hemingway's Code), conferring power upon municipalities "to make all needful police regulations necessary for the preservation of good order and the peace of the municipality," does not confer on the municipality power to require by ordinance a solicitor going from house to house or place to place in the municipality selling or taking orders for goods for future delivery, or services to be performed in future, or for the making, manufacturing, or repairing of any article for future delivery, and requiring such person to give a bond, conditioned upon the making of final delivery of the goods

ordered or the services to be performed in accordance with the contract. The section of the Code referred to is limited to preserving the peace of the municipality to prevent the exercise of unlawful violence and to prevent riot, unlawful assembly, and other acts disturbing the tranquillity and peace of the municipality.

2. Licenses. *City ordinance imposing license tax on house to house solicitors invalid in absence of state tax thereon.*

The provision of the ordinance, set out in the opinion, imposing certain license tax upon such solicitors referred to therein, cannot be justified under the taxing power of the municipality conferred by section 3367 of the Code of 1906 (section 5864, Hemingway's Code), because the state has not levied a tax of the kind sought to be imposed, and the power of the municipality to tax occupations and callings is limited to those taxed by the state and is limited to fifty per cent. of the state tax so imposed.

---

*Headnotes 1. Licenses, 37 C. J., Section 20; Municipal Corporations, 28 Cyc., p. 707; 2. Licenses, 37 C. J., Section 20.

Appeal from chancery court of Attala county.

Hon. T. P. Guyton, Chancellor.

Suit by No Equal Textile Company against the City of Kosciusko. From order overruling demurrer to complaint, defendant appeals. Affirmed, and remanded.

*Watkins, Watkins & Eager* and *E. O. Sykes,* for appellant.

## I.

This ordinance was enacted primarily as a police regulation for the protection of the inhabitants of the city against fraud and impositions. Section 5826, Hemingway's Code; *Wasson* v. *City of Greenville,* 123, Miss. 642; *Mills* v. *City of Portland,* 297 Fed. 897, 28 Cyc. 721; *Robbins* v. *Taxing Dist.,* 120 U. S. 489, 30 L. Ed. 694; *Gundling* v. *City of Chicago,* 177 U. S. 183, 44 L. Ed. 725; *Savage* v. *Jones,* 225 U. S. 501, 56 L. Ed. 1183; *Plumley* v. *Commonwealth of Mass.,* 155 U. S. 461, 39 L. Ed. 223; *Sligh* v. *Kirkwood,* 237 U. S. 52; *High Grade Provision Co.*

*v. Sherman,* — U. S. —, decided Jan. 5, 1925; *Barbier* v. *Connolly,* 113 U. S. 27, 28 L. Ed. 923; *Hall* v. *Geiger-Jones,* 242 U. S. 539, 61 L. Ed. 480; *Mill Creek Co.* v. *Public Service Commission,* 7 A. L. R. 1090.

## II.

The provisions of this ordinance are separable. Those pertaining to the police power, are separate and distinct from the license tax therein imposed. The court may therefore hold that part constitutional which comes under the police power, and strike down that part providing for a license tax if it be unconstitutional. Section 6, of ordinance; *Wasson* v. *City of Greenville, supra.; Berea College* v. *Commonwealth,* 123 Ky. 209, 124 A. S. R. 344; *Berea College* v. *Commonwealth,* 211 U. S. 45, 53 L. Ed. 81.

## III.

An ordinance or law passed by a municipality or by a state under its police power is not violative of the commerce clause of the Federal Constitution, though it may indirectly affect Interstate Commerce. *Mills* v. *City of Portland, supra; Robbins* v. *Taxing Dist., etc., supra; Plumley* v. *Mass, supra; Savage* v. *Jones, supra; Sligh* v. *Kirkwood, supra; High Grade Prov. Co.* v. *Sherman, supra; Austin* v. *Tenn.,* 179 U. S. 343, 45 L. Ed. 224; *Barbier* v. *Connolly, supra.*

## IV.

Before the court will hold this ordinance unconstitutional it must be satisfied of this fact beyond a reasonable doubt. *Hinds County* v. *Johnson,* 133 Miss. 605.

## V.

Since appellee made no effort to comply with any of the provisions of the ordinance, then the demurrer should be sustained if any of its provisions are valid. It was the duty of the solicitors of the appellee to comply with and obey the valid parts of the ordinance. Neither they

nor the appellee, in the absence of such effort, have any standing in a court of equity.

### VI.

The contract of sale was completed within the state of Mississippi and the ordinance is not a burden on Interstate Commerce. Authorities, supra; *Oil Co.* v. *State,* 121 Miss. 615; *Railroad* v. *Knight,* 129 U. S. 21, 48 L. Ed. 325.

### VII.

Injunction will not lie to prevent criminal prosecution under this ordinance. Authorities cited in brief of Mr. Leonard. *Packard* v. *Banton,* 246 U. S. 140; *In re Sawyer,* 124 U. S. 200; *Mfg. Co.* v. *Los Angeles,* 189 U. S. 207.

*H. T. Leonard,* also for appellant.

First consider the police power of municipalities as delegated by the state laws. Article 3, section 6 of the state Constitution; Hemingway's Code, sections 5812, 5913, 5826, 5837, 5845, 5864, 5865. In the past, many of the states of the Union have attempted to regulate and levy a tax upon the business of traveling salesmen commonly designated as drummers, but the supreme court of the United States has each time intervened and declared such legislation as contravening the Federal Constitution and the commerce clauses thereof. Most notable among the decisions are *Robbins* v. *Shelby County Taxing District,* 120 U. S. 501, and *Asher* v. *Texas,* 128 U. S. 129.

Within the past few years, owing to the vast expansion of business and the practice of great numbers of persons going about from place to place soliciting orders for goods, or for the sale and delivery of goods, wares and merchandise or the performance of services to be rendered, many frauds have been perpetrated upon the in-

nocent and unsuspecting public by persons representing themselves as authorized agents or representatives for various enterprises. This condition of affairs became so general and so notorious that it became a common ground for complaint, and the people of the various communities of the country being so constantly victimized by impostors and dishonest agents, it became necessary to impose regulations and requirements upon persons engaging in such line of work. These ideas ultimately crystallized into concrete legislation and finally evolved what is known as the "Portland Ordinance." The Portland Ordinance as to its requirements, conditions and regulations contains exactly the same features as the ordinance in question, a reported description of the same being contained in 297 Fed. Rep. 897.

The power and authority of municipalities in this state to enact ordinances and regulations for the welfare, safety and health of its citizens has repeatedly been challenged as to their reasonableness, as being arbitrary and discriminatory but this court has uniformly held such ordinances to be valid exercise of police power where it was manifestly apparent that the enactment had for its object the prevention of some offense or evil, or the preservation of the public health, safety, morals or general welfare, and where there was some clear, real and substantial connection between the assumed purpose of the enactment and the actual provisions thereof.

It is apparent from a reading of the said Ordinance No. 62 of the city of Kosciusko, that each of the requirements imposed on applicants was enacted to meet some real, substantial and pressing problem "as a matter of public protection." It is only a regulatory provision designed in its work of supervising and promoting the welfare of its people. *Hawkins* v. *Hoye,* 108 Miss. 282, 66 So. 741.

The state itself has recognized the validity and necessity of such regulations in a number of trades, callings and occupations. Such requirements are imposed by the so-called "Blue Sky Law" contained in section 3,

chapter 97, Laws of 1916 (Hemingway's Code, sec. 4129). Also the so-called "Taxicab Permit Law" as contained in chapter 217, Laws of 1922.

In *Mullane* v. *Vicksburg,* 106 Miss. 199, 63 So. 412, this court held that municipalities have the power and right to adopt reasonable regulations to protect the property and health of the community. *Wasson* v. *City of Greenville,* 123 Miss. 642, 86 So. 450, held within the police power of municipalities to require a license for operating motor vehicles. See also *Standard Chemical Co.* v. *Troy* (Ala.), 77 So. 386; *Dowdwell* v. *Beasley* (Ala.) 82 So. 40; *Sampson* v. *City of Sheridan,* 25 Wyo. 347, 170 Pac. 1, 1 A. L. R. 959; *People* v. *Beakes Dairy,* 222 N. Y. 416, 119 N. E. 115, 3 A. L. R. 1265; *Coffman* v. *Ousterhous,* 40 N. D. 390, 168 N. W. 826, 18 A. L. R. 226; 8 Cyc. of Law 876.

So much can be said about the police powers of the states and their political subdivisions that no hard and fast rule can be announced, and after all each particular case must stand or fall upon its own merits. A careful consideration of the ordinance in question will, we submit, convince the court that the ends sought to be accomplished sustain a close connection to legislation enacted by the ordinance; that by the imposition of such conditions and requirements as are provided for therein, the safety and general welfare of the citizens of this community will be protected, and that such legislation should, and will prevent this species of fraud before it becomes notorious or widespread with resulting harm and injury to the community.

*Jas. T. Crawley,* for appellee.

The question is whether or not the Ordinance is an infringement of the Constitution of the state of Mississippi, or of the Laws of Mississippi. It is void as being unconstitutional, and illegal in so far as the taxing power of a city is concerned under the laws of the state of Mississippi. Section 80 of the Constitution of Mississippi

The general law that was adopted under this section of the state Constitution is found in section 6639, Hemingway's Code (section 3909, Mississippi Code of 1906). The above was the general statute passed on this question. However, even a more restrictive statute than this has been passed. Section 5864, Hemingway's Code of Mississippi (section 3367, Mississippi Code of 1906), provides among other things, after the additional powers of cities have been mentioned, as follows: "First: License taxes additional. To levy and collect all license tax upon and regulate all callings, trades, professions, and occupations conducted, pursued, carried on, or operated within the limits of the city or town, the same not to exceed fifty per centum of the state license tax levied upon the same callings, trades and professions."

This section therefore, even restricts the taxing powers of cities more than the general statute itself. There was an attempt once before to tax something by a city that had not been taxed by the state. The city of Greenwood, Mississippi, attempted to enforce a tax that was not permitted under the general statute of the state. *Greenwood* v. *Delta Bank*, 75 Miss. 162, 21 So. 747.

There is no statute under our state law, authorizing the imposition of a state license tax upon solicitors, such as contemplated in the ordinance in question. There being no state tax imposed on solicitors within the meaning of this ordinance there can be no valid taxation by a city against solicitors, as has been attempted to be done here.

## II.

It is an unwarranted restriction upon private contracts. And it is an attempted regulation and control of a common and useful private business or occupation in life. Counsel for the appellant frankly admitted that in so far as the power of the municipality was concerned to tax the solicitors within the meaning of the ordinance, that there was no right under the law to do so. But that, as it was within the police power of a municipality to regulate the professions, callings, trades and occupa-

tions of its citizens, that it had the right to promulgate and enforce this ordinance. This we deny. We argue and seriously contend that the city had no authority, either under general powers granted it, or under its police power, to require a citizen, or a corporation to file a bond for the protection of the public. *Barrett* v. *City of New York,* 58 L. Ed. 483, U. S. Sup. Ct.

The imposition of a license tax of seven dollars and fifty cents is nothing like the burden imposed on a solicitor in requiring him to execute a two hundred dollar bond, or put up a cash deposit of two hundred dollars for a year. A city has no authority either inherently or under its police power, to interfere with, or place an unwarranted restriction upon, private contracts. This ordinance is undoubtedly an attempt to regulate and control a common and useful private business or occupation in life. *Harrigan & Reid Co.* v. *Burton,* 224 Mich. 564, 195 N. W. 60, 33 A. L. R. 142.

It must be remembered that the complainant charged in its bill of complaint that its business was legitimate. This being true the demurrer of defendants admitted the business being a legitimate one. Following this to its natural conclusion therefore, we have the city of Kosciusko, attempting by ordinance to regulate or interfere with the rights of private citizens to contract in reference to the conduct of a legitimate business.

The argument of counsel that a court of equity has no jurisdiction in a matter of this kind is not sound. An injunction is the proper remedy to restrain the collection of a tax, when the tax has been imposed without authority of law. This is especially provided by statutory enactment. Section 290, Hemingway's Code of Miss. (sec. 533, Miss. Code of 1906).

But even if that statute did not give the complainant the right to seek equitable relief, the general rule of equity would. Where a property right is involved, equity will always interfere to prevent the loss of that property right. The right to do a legitimate business is a prop-

erty right. *Quintini* v. *Mayor, etc., City of Bay St. Louis,* 1 So. 625.

Argued orally by *E. O. Sykes* and *H. T. Leonard,* for appellant, and *Jas. T. Crawley,* for appellee.

Etheridge, J., delivered the opinion of the court.

The city of Kosciusko, a municipal corporation operating under the Code chapter on Municipalities, on the 16th day of December, 1924, adopted the following ordinance:

"Section 1. That a solicitor within the meaning and application of this ordinance is any person who goes from house to house, or from place to place, in the city of Kosciusko, Miss., selling or taking orders for, or offering to sell, or take orders for goods, wares, or merchandise, or any article for future delivery for services to be performed in future, or for the making, manufacturing, or repairing of any articles, or thing whatsoever for future delivery, provided, however, that this ordinance shall apply only to solicitors who demand, accept, or receive payment, or deposit of money in advance of final delivery.

"Sec. 2. That it shall be unlawful for any person to act as a solicitor within the meaning and application of this ordinance without first procuring a license from the proper city officer, or officers as herein provided.

"Sec. 3. That any person desiring or intending to engage as a solicitor in the city of Kosciusko, Miss., shall make application therefor to the mayor of the city on forms to be provided, stating therein the name and address of the applicant, the name and address of the person, firm or corporation which he represents, and the kind or description of the goods offered for sale, or the kind of service to be performed.

"Such application shall be accompanied by a bond in the penal sum of two hundred dollars, executed by a surety company or two responsible persons, residents of the state of Mississippi (in lieu therefor a cash bond of equal amount), conditioned upon the making of final de-

livery of the goods ordered, or for the services to be performed in accordance with the terms of such order, or failing therein that the advance payment on such order be refunded. The said application together with such bonds or other indemnity shall be inquired into by the mayor, who if he finds said bond to be sufficient, shall order the issuance of the privilege license to said applicant upon the payment of privilege tax imposed by this ordinance.

"Sec. 4. That privilege tax or license be, and the same is hereby levied and imposed upon any solicitor within the meaning of this ordinance, doing or attempting to do such business in the city of Kosciusko, Miss., in the following sums to be paid by or on behalf of such solicitor to the city tax collector before the issuance of such license, to-wit: Solicitors on foot, seven dollars and fifty cents; solicitors with pack animals, twenty dollars; solicitors with vehicle and animal thirty dollars; solicitors with vehicle and two animals, fifty dollars; solicitors with motor vehicle, fifty dollars—such license to be valid for one year from date of issuance.

"Sec. 5. If any person shall act as solicitor within the meaning and application of this ordinance in said city without complying with the requirements hereof, such person shall on conviction be subject to a fine of not exceeding fifty dollars, or imprisonment not exceeding ten days, or both in discretion of the court besides the cost of the prosecution.

"Sec. 6. If any clause, section, or provision of this ordinance is declared invalid for any reason the remainder hereof shall remain in full force and effect; and that fact shall not affect or destroy any other section, clause or provision not in itself invalid."

The appellee, a nonresident corporation, incorporated under the laws of the state of Pennsylvania, filed its bill in the chancery court of Attala county, Miss., to enjoin the enforcement of the above ordinance against its solicitors operating in the city of Kosciusko, and soliciting orders for the complainant, and alleged that its solicitors secured a deposit from the purchaser on securing the or-

der and that said order is transmitted to the complainant at its place of business in the city of Reading, Pa., or to some other office outside of the said state in which the order is taken, and that upon receipt of such order the complainant packs and ships to the person so ordering said goods by parcel post throughout the United States. Said goods are shipped, C. O. D., from out of the state of the residence of the purchaser and into the state of the buyer. That complainant has no place of business in the state of Mississippi, and does not own a warehouse or storehouse in the said city of Kosciusko, and does not complete any sale in the state of Mississippi, but ships all of said orders delivered in Mississippi from outside of the said state, and that complainant is engaged solely in interstate commerce. That complainant has numbers of agents in Mississippi taking orders as above stated. That two of such agents are in the city of Kosciusko, Miss., engaged in receiving and soliciting orders from individuals for goods, and who received therefor the initial payment for said goods, and who send said orders to the home office located outside of the state of Mississippi, and that said goods are shipped by parcel post, C. O. D., to the purchaser. That neither of the said solicitors delivers to the person ordering the goods any part of the same, but that the entire amount of goods so ordered are sent in separate parcels to the purchaser from points outside of the state and are delivered in the original package.

Complainant further states that neither of its said agents and solicitors in the city of Kosciusko are resident citizens of the state of Mississippi, but reside in other states of the Union; that one of its agents was arrested and placed in jail in the city of Kosciusko on December 17, 1924, by the marshal of Kosciusko, and on the 18th day of December, 1924, he was tried before the city court of said city on the charge of soliciting orders without first obtaining a license therefor and was convicted on said charge and fined fifteen dollars; that another of said agents was arrested on the 15th day of December, 1924,

and was caused to pay a fine, or purchase a license for the privilege of securing orders from various persons as above set out; that said agents either had to pay said fine or license or else be confined in the city jail.

It is further alleged that the officers of said city have threatened to arrest the agents or solicitors of complainant if they continue to take orders as above stated, and that complainant is unable to do business in the city of Kosciusko, Miss., through its agents because of the fact that said officers will arrest the agents of the complainant, and prevent them from taking such orders, and that said officers are interfering with the complainant's business and interfering with interstate commerce, and that said officers are attempting to enforce said ordinance above set out in violation of the Federal Constitution.

It is also alleged that said ordinance is void and unconstitutional because the city of Kosciusko has no authority under the laws of the state of Mississippi to regulate interstate commerce, and that it is violative of the laws of the state of Mississippi for the reason that cities of this state are only authorized to impose a tax of fifty per cent. of the amount of the state tax, as provided by section 3909, Code of 1906, Hemingway's Code, section 6639; that there being no state tax on such solicitors, there can be no city tax for the privilege of securing orders for goods as above set out under the state laws; and that complainant is without adequate remedy at law.

The city demurred to the bill on the following grounds: (1) That the original bill is without equity. (2) That the original bill of complaint does not state any cause of action against the defendants, or either of them. (3) That complainant has an adequate remedy at law. (4) That an injunction will not lie to prevent criminal prosecution. (5) That the original bill of complaint does not allege compliance on the part of the complainant with any of the provisions of the municipal ordinance of the city of Kosciusko exhibited with the original bill of complaint. Upon the other hand, complainant concedes that it has ignored and violated the same, etc.

This demurrer was overruled and appeal granted to settle the principles of the case.

The city of Kosciusko, appellant here, relies upon section 3329, Code of 1906, Hemingway's Code, section 5826, which reads as follows: "To make all needful police regulations necessary for the preservation of good order and the peace of the municipality; and to prevent injury to, destruction of, or interference with public or private property; and to adopt ordinances prohibiting within the corporate limits the commission of any act which amounts to a misdemeanor under the laws of the state."

Section 3367, Code of 1906, Hemingway's Code, section 5864, reads as follows: "To levy and collect all license-tax upon and regulate all callings, trades, professions, and occupations conducted, pursued, carried on, or operated within the limits of the city or town, the same not to exceed fifty per centum of the state license tax levied upon the same callings, trades, and professions."

It is not contended that the state has levied any privilege tax upon the business herein sought to be taxed by the city in the above ordinance, and it is not sought to reverse the court below on any idea that the ordinance can be upheld under the taxing power of the municipality, because the municipality can only tax such trades, occupations, and callings as the state has taxed; but the ordinance is sought to be upheld under the police power of the city.

The cause was elaborately argued and briefed on the question of the power of the state to impose a tax or a regulation upon the business under the facts set forth in the bill under the interstate commerce provision of the federal Constitution, but in our view it is unnecessary to now decide what the state might do under its police power in reference to the facts contained in the record here, because under our view section 3329, Code of 1906, Hemingway's Code, section 5826, does not authorize a city to enact an ordinance like the one here involved. The language of the section, "to make all needful police regulations necessary for the preservation of good order

and the peace of the municipality," has reference to the power of the municipality to secure the peace and tranquillity of the municipality. The language here is not as broad as the language frequently used in conferring upon municipalities the power to provide for the general welfare of its inhabitants. The authority to preserve the peace and order of the municipality, to prevent the exercise of unlawful violence, and to compel citizens and sojourners to abstain from riot, rout, and unlawful assembly, has never been seriously questioned. It is a power essential to the enjoyment of peace and quiet and personal safety, but it does not extend to the power of prohibiting the solicitation of business or collecting part of the money therefor, or to the regulation of a lawful business conducted in a beneficial and orderly manner.

The Code chapter confers many powers upon municipalities regulating certain kinds of businesses and occupations under other powers specifically named, but none of the sections conferring such power authorized the ordinance here involved. It is well settled in our state that municipalities have no powers except such as are delegated to them by the state, either express or by necessary implication, and that such powers delegated by the legislature are intended to be exercised in conformity to, and consistent with, the general laws of the state, and whenever a city seeks to exercise power it must find that power in its charter, or it must be one of necessary implication from other powers granted to make effective the powers which the legislature has conferred in express terms. *Crittenden* v. *Booneville,* 92 Miss. 277, 45 So. 723, 131 Am. St. Rep. 518; *Hazlehurst* v. *Mayes,* 96 Miss. 656, 51 So. 890; *Steitenroth* v. *Jackson,* 99 Miss. 354, 54 So. 955; *Wise* v. *Yazoo City,* 96 Miss. 507, 51 So. 453, 26 L. R. A. (N. S.) 1130, Ann. Cas. 1912B, 377; *Clinton, Town of,* v. *Turner,* 95 Miss. 594, 52 So. 261 (1910).

It will be seen from an examination of the ordinance above set out that the ordinance applies to any person who goes from house to house, or place to place, in the

city selling, or taking orders for, or offering to sell, goods, wares, and merchandise, or any article for future delivery, for services to be performed in the future, or for making, repairing, or manufacturing any articles or thing for future delivery, who demand, accept, or receive payment, or deposit of money in advance of final delivery and that before such a person can engage in such business in the said city he must file application giving the name and address of the firm or corporation he represents, and the kind and description of the goods offered for sale, or the services to be performed, and must give bond in the sum of two hundred dollars, or deposit that amount in cash, conditioned upon making a final delivery of the goods ordered or for the services performed in accordance with the terms of such order, or, failing therein, to refund the money received. This ordinance is far more comprehensive in its scope and effect than is authorized by the section relied upon and has no reasonable relation to the object intended to be secured by section 3329, Code of 1906, Hemingway's Code, section 5826.

We are therefore of the opinion that the order of the chancellor overruling the demurrer was proper, and the judgment will be affirmed and remanded.

*Affirmed and remanded.*